Proceeding under the Workmen's Compensation Act, F.S.A. §440.01 et seq., on the claim of William W. Crawford, employee, for compensation for an injury to employee's back, opposed by Benrus Market, employer, and Accident Casualty Insurance Company of Winterthur, Switzerland, wherein an award was entered for employee. From a judgment of the circuit court, reversing the award by the Industrial Commission, employee appeals.
Reversed.
Appellant, an employee of Benrus Market, sustained personal injuries and filed his claim for compensation under the Workmen's Compensation Act, F.S.A. § 440.01 et seq. The usual hearing was conducted and on March 26, 1946, the Deputy Commissioner entered an award for the claimant which on review was affirmed by the Florida Industrial Commission. Appeal was taken to the Circuit Court, where the award of the Deputy Commissioner as approved by the Industrial Commission was reversed. This appeal is from that order.
The sole question for our determination is whether or not the evidence was sufficient to sustain the award of the Deputy Commissioner as affirmed by the Industrial Commission.
The Circuit Court gave a negative answer to this question. We think it requires an affirmative answer. Much of the evidence of the claimant was denied by the carrier, in fact, it may be admitted for argument that the numberical strength of the evidence supports the decree appealed from, but the probative effect of the evidence is not determined by counting noses. In a case like this the probity of the evidence is for the Industrial Commission to determine and their finding should not be reversed unless shown to be clearly erroneous. McCall et al. v. Motor Fuel Carriers, 155 Fla. 854, 22 So.2d 153.
That the claimant was seriously injured is not disputed. He was confined to his bed and hospitalized for weeks. Some of the evidence shows that he was injured in the course of his employment while some of it would indicate that it was the result of a congenital fault or an injury received while claimant was in the Navy. The Deputy Commissioner found in essence that he was injured November 3, 1944, in the course of his employment, that when he was unloading meat from a truck, the weight of the meat pulled him suddenly forward and he felt something snap in his lower back. He completed his days work but was unable to return the following day. He was earning $75 per week and has been unable to work since. He was awarded compensation at the rate of $22 per week.
There was ample evidence to support this finding and there was medical testimony consistent with it. Much of the Carrier's testimony was of a negative character and did not directly deny the claimant's *Page 890 
version of the accident. The Deputy Commissioner rejected all other evidentiary theories as to the injury and we must decline to hold him in error for doing so. Where the fact of a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason.
For the reasons so stated we are convinced that the judgment of the Circuit Court must be and is hereby reversed.
Reversed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.