45 So.2d 185 (1950)
SANFORD et al.
v.
A.P. CLARK MOTORS, Inc. et al.
Supreme Court of Florida, Division A.
March 24, 1950.
*186 John G. Baker, Baker & Thornal and Wendell C. Heaton, Tallahassee, for appellants.
J. Thomas Gurney, Orlando, for appellees.
TERRELL, Justice.
Earl H. Sanford, as employee of A.P. Clark Motors, Inc., of Orlando, Florida, died August 13, 1948 as the result of an automobile accident. His widow, Pauline Moseley Sanford, presented her claim for Workmen's Compensation and other benefits as provided under Section 440.01 et seq., F.S.A. Appellees resist her claim on the ground that Sanford's death did not result from an accident arising out of and in the course of his employment. The Deputy Commissioner denied the claim. On appeal the full Commissioner reversed the order of the Deputy Commissioner and allowed the claimant compensation for herself and two minor children, including other benefits contemplated by the act. On appeal to the Circuit Court the order of the full Commission was reversed and the claim was denied. The claimant has appealed from the order of the Circuit Court.
The sole question for determination is whether or not the accident which resulted in Sanford's death arose out of and in the course of his employment.
The evidence shows that the accident took place early Saturday afternoon, August 7, 1948. The deceased was an employee of A.P. Clark, Inc., and was instructed by the President of the Company to deliver an automobile engine to Hooper Motor Company in Cocoa, Florida. The *187 deceased placed the engine on the employer's truck at Orlando and left about 12:30 P.M., presumably for Cocoa. Shortly thereafter the wrecked truck and the deceased were found near the highway just East of Apopka, about ten miles from Orlando. Cocoa is Southeast while Apopka is Northwest of Orlando, so appellant was apparently traveling in the opposite direction from where he was instructed to go, but the Circuit Court points out in his order that the "direct highway from Orlando to Cocoa, the Cheney Highway, being closed, traffic was routed by way of the Goldenrod Road through Oviedo, Chuluota and Christmas."
The Goldenrod Road and the road to Apopka from Orlando both lead in a Northerly direction but the Apopka Road bears to the Northwest and the Goldenrod Road bears to the Northeast before they leave the City. The automobile engine had a shipping tag on it addressed to Wildwood, Motor Company, Wildwood, Florida and the road on which deceased was traveling when he met his death was the direct route from Orlando to Wildwood. There was also testimony to the effect that there was a label on the engine addressed to Hooper Motor Company, Cocoa, Florida. The foregoing facts are not disputed and except for the fact that deceased was on the wrong road there is no showing whatever that he had abandoned his Master's business and was engaged in a personal mission at the time of the accident that resulted in his death.
The record further discloses that the deceased had been a trusted employee of A.P. Clark, Inc., for more than two years and since he was supposed to be off on Saturday afternoon (the time of the accident) he was engaged in a special mission for his Master when he was killed. In the absence of positive showing to the contrary the law indulges the presumption that the accident occurred while the person injured was in the course of his employment. When the employer denies this, the burden is on him to prove that the accident did not take place in the course of employment. He must establish his denial by direct and positive evidence, negative evidence will not suffice.
In proving that an accident took place in course of one's employment a claimant is not bound by the preponderance of evidence rule or the rule of proof beyond and to the exclusion of a reasonable doubt as in criminal cases. He is required to prove or show a state of facts from which it may be reasonably inferred that the deceased was engaged in the Master's business when the accident took place. This inference is not overcome by the mere showing that deceased was killed after he had departed only a few miles from the direct route leading from Orlando to Cocoa. The tags on the automobile engine and the instructions given the deceased before he started on his mission are confusing but he was required to leave Orlando for Cocoa on a detour from the direct route so the fact that he was killed on another road only a few miles off the detour is far from proof that he had abandoned his Master's business and was engaged in one of his own, there being no other proof to support such a conclusion.
For all the record discloses the deceased may have inadvertently missed his way departing from Orlando and was killed in the accident before he discovered he was on the wrong way. Even if he had confused his instructions and had gone to Wildwood before he discovered the error and had then turned back to Cocoa, he could not be said to have departed from his Master's business. It is common knowledge that the most cautious will sometime take the wrong road when traveling by motor and proceed many miles before they detect they are on the wrong road.
This court is committed to the doctrine that when a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason. Crawford v. Benrus Market, Fla., 40 So.2d 889 The proof of appellees falls far short of this *188 standard. No other rule could possibly give the force and effect to Workmen's Compensation that the makers purposed for it. Even in doubtful cases the doubt should be resolved in favor of the claimant.
The claimant established such facts as warrant the inference that the accident in question took place while the husband of the claimant was in the course of his employment. The employer has failed to carry the burden imposed on him to overthrow this inference, so the judgment appealed from is reversed.
Reversed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.