### KANE v. RUTAS AEREAS NATIONALES, et al.

Industrial Commission.

August 10, 1954.

Orville L. Rogers, Miami, for claimants.

Blackwell, Walker & Gray, Miami, for the employer and insurance carrier.

### BY THE COMMISSION.

This cause came on to be heard upon application for review of a deputy commissioner's order dated April 16, 1954, granting compensation benefits to the dependents of the deceased. The factual situation, about which there is no material controversy, has been substantially set forth in the brief filed by the employer and carrier as follows—

On or about December 21, 1952 the deceased employee was employed as an airplane pilot for the employer. The employer, a non-scheduled air line, was engaged solely in foreign commerce, to-wit, the shipment of freight by aircraft to Central and South American countries, principally Venezuela. The employee was engaged solely to pilot the various aircraft belonging to the employer from Miami to these various Central and South American ports, principally Venezuela. On December 20, 1952 the employee, within the scope and course of his employment, departed from Caracas, Venezuela about 6:00 P.M. with his destination Miami. He was flying a two-motored C46 type airplane and was carrying no cargo at the time. The flying time between Caracas and Miami is usually about 6½ hours and the airplane carried enough gasoline for approximately 9 hours flying time under normal conditions. The only crew member was a co-pilot. The weather en route was good and so far as is known the aircraft was in safe mechanical condition and the employee was an experienced pilot.

En route the aircraft took its usual course and made frequent and recognized radio "checks." When last heard from the employee radioed the Miami A.T.C. radio station at about 1:30 A.M. stating he was making a ground speed of about 180 miles per hour and was passing over the A.T.C. boundary at a point about 70 miles southeast of Miami and about 20 miles west of the westernmost tip of Andros Islands in the Bahamas, over the open sea. No indication in this last radio message showed anything to be wrong with the aircraft or the personnel aboard.

Nothing further was ever heard from the aircraft or the employee, and although an intensive air-sea search was instituted for several days thereafter, no trace or wreckage was ever found.

The employer's principal business, as stated, was the flying of cargo from Miami to Venezuela and the employee's duties consisted almost solely of flying aircraft over the open waters of the Gulf of Mexico and the Caribbean Sea between Miami and Venezuela.

On August 11, 1953, probate proceedings having theretofore been instituted in the county judge's court in and for Dade County, Florida, the county judge entered an order finding that there was sufficient proof that the decedent died on December 21, 1952.

The issues raised may be summarized as follows—(1) Does this commission have jurisdiction over the claim? (2) Is there sufficient proof of the employee's death? (3) Did the employee come

to his death as a result of an accident arising out of and in the course of his employment? This is a rather novel case and the record is such that we feel we should discuss seriatim each of the foregoing questions raised by the carrier and set forth the reasoning upon which we base our conclusions.

(1) *Does this commission have jurisdiction over the claim?* The concluding paragraph of sub-section (1) of section 440.09, Florida Statutes 1953, provides—

> Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer's place of business is in this state or if the residence of the employee is in this state, provided, his contract of employment was not expressly for service exclusively outside of the state; provided, however, that if an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein.

The contract of employment was made in Florida, the employer, though a foreign corporation, was authorized to do business in Florida, the residence of the employee was in Florida, and the contract of employment was not for services exclusively outside the state. All the provisions of the foregoing section are met in this case, and this commission has jurisdiction over the claim— provided the nature of the accident is such that it does not come under the exclusive provisions of the Death on the High Seas Act, 46 U.S. Code 761.

Whether or not the Death on the High Seas Act is applicable to aircraft is a question about which the courts are not in complete accord, but assuming it does apply to aircraft section 767 thereof states that—"the provisions of any state statute giving or regulating rights of action or remedies for death shall not be affected by this chapter." It would seem therefore that the Act is cumulative and not exclusive and that the forum first assuming jurisdiction has authority to act.

We believe, however, there is a more cogent reason why this commission has jurisdiction, and that is that assuming the employee is dead—a question we shall discuss later—there is no evidence to show that the death occurred on the high seas. From the record in the case it is just as reasonable to assume death occurred less than a marine league from the shore of Florida and therefore within the territorial limits of this state. Under such circumstances it is our opinion that section 440.26, Florida Statutes 1953,

is applicable. That section provides, inter alia, that—"in any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, *in the absence of substantial evidence to the contrary*—(1) That the claim comes within the provisions of this chapter." (Italics added.)

In our opinion when there is substantial evidence to show that an employee met death through an industrial accident arising out of and in the course of an employment, which is shown to be covered by the Florida Act, the burden of proof falls on the employer or carrier to show by substantial evidence that this commission does not have jurisdiction because of the intervention of some other law or situation. This burden has not been carried, and in the absence of any substantial evidence that the employee died on the high seas the commission's lack of jurisdiction has not been made to appear and the presumption in section 440.26 applies. The first question must be answered in the affirmative, the deputy commissioner was correct in holding the commission has jurisdiction over the claim, there is substantial evidence to sustain his position in so doing.

(2) *Is there sufficient proof of the employee's death?* The carrier raised the question whether there is sufficient evidence to justify holding that the employee is dead. The probate court in Dade County held a hearing on this question and after due notice to all parties concerned entered an order holding that he is dead. We believe that in the absence of an appeal from this ruling we are bound thereby, but in addition thereto we believe the stipulated facts are such as to justify a finding of death. Our Supreme Court in Four Branches v. Oechsner, 73 So. 2d 222, referring to workmens' compensation cases, said at page 225—"The 'preponderance of the evidence' rule does not apply in circumstances of this kind. The test is whether there is substantial competent evidence to support the findings made by the deputy commissioner. If the record reveals evidence of that character neither the full commission, the circuit court, nor this court is authorized to overthrow that finding thereby merely substituting its view of the evidence for that of the officer charged under the law with the fact-finding duty." Employing the Supreme Court's approach to this case we believe the evidence sufficient to sustain a finding that the employee is dead.

(3) *Did the employee come to his death as a result of an accident arising out of and in the course of his employment?* Having concluded there is sufficient evidence in the record to sustain the deputy's finding that this commission has jurisdiction over the claim and that the employee is dead, there does not seem to be any

merit in the carrier's contention that there is not substantial, competent evidence to support the finding that the employee died as a result of an accident arising out of and in the course of his employment. When last heard from he was engaged in his employer's work and was in the course of his employment. The evidence in the case aided by the presumption in section 440.26 is, in our opinion, sufficient to justify and sustain a finding that he came to his death in an accident arising out of and in the course of his employment. In Lyng v. Rao, 72 So. 2d 53, the Supreme Court said at page 56—"Even if the cause was doubtful it would be our duty under the law and the basic philosophy of Workmen's Compensation Acts to resolve such doubt in favor of the claimant."

The deputy commissioner's order awarding compensation is affirmed. It is ordered that the employer, by and through its carrier, pay claimants' attorney $325, which is a reasonable fee for representing the claimants before this commission.