88 So.2d 286 (1956)
Ruth PRIDGEN and Henry Pridgen, Jr., a minor, Petitioners,
v.
INTERNATIONAL CUSHION COMPANY, Employer,
The Travelers Insurance Company, Carrier, and
Florida Industrial Commission, Respondents.
Supreme Court of Florida, Special Division A.
April 18, 1956.
Rehearing Denied May 21, 1956.
Dale, Scott & Singer and Paris G. Singer, Fort Lauderdale, for petitioners.
Fleming, O'Bryan & Fleming, Fort Lauderdale, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
DREW, Chief Justice.
The following facts in this workmen's compensation case are undisputed and without *287 conflict. Henry Pridgen, the deceased, was employed by International Cushion Company to drive a truck and to load and unload items transported for his employer. January 13, 1955 the deceased and a fellow employee were directed to move some mattresses from one location to another. Between nine and ten o'clock in the morning while engaged in unloading mattresses, Pridgen suddenly collapsed and died within a few minutes. It was a cool morning and the building in which the death occurred was adequately ventilated. It was the first work of the day and was an everyday work chore. In relating the circumstances of the death the fellow employee stated:
"He [Pridgen] was going to bring some mattresses into the shop that we were using, small mattresses. I went over there with him, and I think we put about five mattresses on the truck  thirty inch mattresses, thirty-five pound mattresses approximately. They may be over it. It may be a fraction under it.
"We kept them sideways to put them on the truck and as I laid mine down to slide it in the truck I heard a  I can't describe the noise  like a groan or a thud and I looked around and Henry was laying on the mattress in a carton at approximately, I would say, twelve or fifteen feet from the door back at the plant in this warehouse. I ran to him. He never spoke and I was there 30 seconds. I told the people that operate the warehouse  a man and his secretary came up and I run over to our shop and told them to call the ambulance. He turned over on his back and held him, but he never did speak."
The record contains no reference to the age of the deceased or his general physical condition. The wife testified that shortly before the death Pridgen had visited a doctor for treatment of a common cold. She gave a negative answer to the question of whether her husband had ever complained of any heart trouble or similar disease or condition. The fellow employee testified that sometime before his death Pridgen had complained of a cold and a hurting in his chest. The fellow employee said, "He had gone to doctors he told me and he said the doctor said it was a cold." The record is devoid of any evidence whatsoever of any accident, such as a stumble, slip or fall; or any unusual event, such as lightning or the discharge of an electric current at the time of, or in close proximity at the time of the death of Pridgen, which could have caused his death.
The record does not show whether any autopsy was ever performed or, if performed, the result thereof. No medical evidence was introduced to establish or attempt to establish the cause of death. The entire evidence offered was that of the wife of the deceased and his fellow employee, the material parts of which we have narrated above. Only the death of the decedent was established, an event referred to by some philosophers as the only certain thing in life.
The question presented here, as stated in petitioners' brief, is as follows:
"If competent evidence is adduced to prove two of the three elements necessary for a compensable claim, to-wit: The injury during the course of employment, can the statutory presumption that the claim comes within the provision of the Workmen's Compensation Act be relied upon to supply the third necessary element, to-wit: that the injury arose out of the employment?" (Emphasis theirs.)
The petitioner urges that the evidence narrated above establishes two of the three elements necessary for compensation, namely, the (1) injury (death), (2) during the course of employment, sec. 440.09(1), Florida Statutes 1953, F.S.A., and by applying the presumption of sec. 440.26, Florida Statutes 1953, F.S.A., viz.: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary  (1) that the claim comes within the provisions of this chapter" claimant's evidence is sufficient to *288 create at least a prima facie showing that the death arose out of (that is, has a causal connection with) the employment. Thus appellants say the burden is shifted to the employer or carrier to show there was no causal connection between the death and the employment.
Arguing that no ruling has been made by this Court on this precise question, petitioners say that under the holding of this Court in Sanford v. A.P. Clark Motors, Fla. 1950, 45 So.2d 185, 187, as approving Crawford v. Benrus Market, Fla. 1949, 40 So.2d 889; American Airmotive Corp. v. Moore, Fla. 1952, 62 So.2d 37; Lyng v. Rao, Fla. 1954, 72 So.2d 53 and Johnson v. Dicks, Fla. 1954, 76 So.2d 657, the result urged by them is clearly indicated. We cannot agree that such conclusion may be drawn from any of the cited cases. In Sanford v. Clark, supra, the death of the employee was caused by violent, external means. The cause of death in that case was clearly ascertainable as having arisen out of an automobile accident. We applied a presumption only to the single real question involved in that case  whether the accident occurred in the course of the employment. In that case we observed:
"This court is committed to the doctrine that when a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason. [Citations omitted.] The proof of appellees falls far short of this standard. No other rule could possibly give the force and effect to Workmen's Compensation that the makers proposed for it. Even in doubtful cases the doubt should be resolved in favor of the claimant."
There, we were not discussing the subject with which we are dealing in this case  but the question of whether the employee was engaged in the employer's business at the time of his death by accident. In the instant case, the petitioner attempts to invoke the presumption, not to the proposition of whether the death occurred in the course of employment, but to whether there was any causal connection between the death and the employment. The observation in the last sentence of the quoted matter above would not be applicable in this case for the simple reason that there is no conflicting evidence here out of which a doubt may arise. There is no evidence at all of any causal connection between the death and the employment. Death itself is inevitable. It is an event which must occur to all living things.
Crawford v. Benrus Market, supra, involved personal injuries and the sole question presented was whether the evidence was sufficient to sustain the award of the deputy commissioner as affirmed by the Industrial Commission. In that case we approved the award on the same basis as we did in the later case of Sanford v. Clark, supra, heretofore quoted. This case is no authority for the proposition urged by petitioners.
In American Airmotive Corp. v. Moore, supra, the deceased was killed in an automobile accident. On conflicting evidence we held that the death arose out of and in the course of the employment. On the basis of abundant evidence in the record we determined that there was a causal connection between the death and the employment.
Lyng v. Rao, supra, was a lightning case and again the question was whether or not the evidence was sufficient to establish an injury, it being conceded that the employee was in the course of her employment. There was sufficient evidence in the record in that case to establish: (1) that there was an injury, and (2) that it occurred in the course of the employment, and (3) that there was a causal connection between the employment and the injury.
In Johnson v. Dicks, supra, the record shows that an autopsy was performed on the deceased employee. The real question in that case was whether death was from natural causes or from electrocution. We held that it was from the latter cause and *289 that it occurred while the employee was in the course of his employment picking oranges.
We conclude that proof of death alone, even though death occurred while deceased was in the performance of his employment, is insufficient in itself to establish any causal connection between the employment and the death. In such cases as this the body of the deceased is available for an autopsy or for a medical examination. The law requires that at least some evidence be presented by the claimant to establish the cause of death, or that sufficient evidence be introduced to allow logical inference of a connection between the death and the employment in order to bring such claim within the purview of the Workmen's Compensation Act. We think the case is controlled by Fidelity & Casualty Company v. Moore, 143 Fla. 103, 196 So. 495; Sims Tire Service v. Parker, 146 Fla. 23, 200 So. 524; Cleary Bros. Const. Co. v. Nobles, 156 Fla. 408, 23 So.2d 525; Reed v. Brinson, Fla. 1951, 50 So.2d 877; Wesley v. Warth, Fla. 1951, 52 So.2d 346; Martin v. Board of County Commissioners, Fla. 1955, 79 So.2d 513.
Cases in this Court in which we have discussed the presumption in sec. 440.26, Florida Statutes, F.S.A., are: Neuman v. Shelbourne, 155 Fla. 491, 20 So.2d 677; Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251; City of St. Petersburg v. Mosedale, 146 Fla. 784, 1 So.2d 878; Kane v. Rutas Aereas Nationales, 6 Fla. Supp. 139. The New York courts have extensively reviewed a statutory presumption in their Workmen's Compensation Act which is materially the same as the Florida provision. Chapter 67, McKinney's Consolidated Laws of New York, Workmen's Compensation Law, § 21; Vol. 11, Consolidated Laws Service (N.Y.) sec. 21  contains summaries of many of the New York decisions. Massachussetts has a provision which only applies when the worker is killed or otherwise injured so as not to be available to testify. Cf. Goddu's case, 323 Mass. 397, 82 N.E.2d 232; Lapinsky's case, 325 Mass. 13, 88 N.E.2d 642; LeBanc's case, 1955, 332 Mass. 334, 125 N.E.2d 129. See also a note on Workmen's Compensation presumptions in 120 A.L.R. 683; also, Vol. 1, Larson's Workmen's Compensation Law, p. 106; and on statutory presumptions generally, e.g., Morgan, 44 Harvard Law Review 906; Morgan, 2 Selected Essays on Constitutional Law 1500; Keeton, 10 Texas Law Review 34.
A simple illustration demonstrates that the result which we reach is the only one possible under the circumstances. In this instance if the body of the deceased employee had been cremated or destroyed by burial, the employer or carrier would have been deprived of the only possible means of defense to the claim.
Certiorari is denied.
THOMAS and THORNAL, JJ., and PATTERSON, Associate Justice, concur.