STURGIS, Chief Judge.
We consider the petition of an employee for writ of certiorari to review an order of the Industrial Commission affirming the action of the deputy commissioner in denying his petition, under Section 440.28, Florida Statutes, F.S.A., for modification of his compensation award on the grounds (1) of a mistake of fact in the order upon which the compensation was based, and (2) that there was a change in his physical condition attributable properly to the injury.
The record shows that on March 14, 1955, the employee, a metalsmith employed by the respondent, incurred an injury for which he was awarded compensation under the Workmen’s Compensation Act for the period from March 19, 1955, to July 9, 1955. The order awarding compensation recited that the employee had suffered a mild back strain that was superimposed on a pre-existing condition. Three medical experts testified that there was no indication of any condition requiring inquiry as to a dislocated or ruptured disc or requiring surgery and that full recovery by July 8, 1955, was indicated. The pre-existing condition resulted from injuries suffered in 1926 and again in 1942, the latter occurring while the employee was in military service. He was given a medical discharge from military service in 1942 because of “joint internal derangement of right sacroiliac.”
It appears that after July 8, 1955, the employee sojourned in Tennessee and worked intermittently for other employers. Approximately 20 months after the terminal date of the injury as fixed by the compensation order he filed the subject petition for modification of the award, alleging that his condition had never improved and that he had been temporarily and totally disabled since the date of the accident. Testimony thereon was presented before the deputy commissioner who entered the original order. His order denying the petition was appealed to the Full Commission and was affirmed on the authority of United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
Petitioner insists that the deputy commissioner’s order should have been reversed by the Full Commission because he misconceived the facts and misapplied the law in concluding, against positive evidence, (1) that there was no mistake in determining the facts upon which the original order was based, and (2) that there was no change in condition attributable to the injury for which compensation was awarded. He further insists that the Full Commission erred in holding that there was competent substantial evidence to support the order denying the petition for modification.
It is petitioner’s contention that upon a hearing under the provisions of F.S. § 440.28, F.S.A., it is only necessary for the employee to produce evidence of a present disability that can be attributable to the injury for which the compensation was allowed rather than maintain the burders of proving it to be so attributable, and that the burden of proof then shifts to the employer to show a more logical reason or *618 cause for the disability than that for which compensation was awarded, and cites Crawford v. Benrus Market, Fla., 40 So.2d 889, Sanford v. A. P. Clark Motors, Fla., 45 So.2d 185.
The rule enunciated in the cited cases has been applied where an employee is injured or killed on the job under circumstances that admit little or no evidence by which to establish the cause for or conditions surrounding the injury. It is there applied in aid of determining whether the injury arose out of and in the course of employment. It is not, however, applicable to petitions for modification under F.S. § 440.28, F.S.A.
There must be an end to all litigation. Appellate procedures were available to- the claimant from the initial order which terminated the compensation on July 8, 1955. There was no appeal from that order and in the absence of the statute there would be no avenue by which to modify it.
To apply the_ mentioned rule in this type of proceeding would have the effect of requiring the employer to assume the burden of defending the propriety of the original order by a preponderance of evidence, to retry the claim. Such an interpretation of the statute would lead to such a state of uncertainty and confusion and would so increase litigation under the Workmen’s Compensation Act and costs of administration as to put in jeopardy the benefits designed for employees under the act.
We hold, therefore, that in proceedings under F.S. § 440.28, F.S.A., for modification of the compensation award on the grounds presented in this cause, the burden of proof is on the employee to establish by substantial and competent evidence the grounds upon which he seeks to have the order modified. Such is in accord with logic and reason and, we believe, in conformity with the legislative intent. Cf. Hall v. Seaboard Maritime Corporation, Fla.App., 104 So.2d 384, 387.
In his order denying the petition for modification, the deputy’s pertinent findings on the question as to whether there had been a mistake of fact in the previous order were as follows:
“It is difficult to ascertain just wherein such a mistake could have been made because it was the testimony of all three attending and examining physicians that the claimant suffered at most a mild or moderate aggravation to a pre-existing condition from which he had recovered by the date set as the end of his period of temporary total disability. It is true that the claimant contended he was still having difficulty, but there was no medical evidence submitted to establish a causal relationship between the disability and the injury sustained by the claimant in the accident. Furthermore, there was no medical testimony which would indicate that the claimant was in need of any further medical care.
“A transcript of the testimony taken at the previous hearings has been presented and considered. A review of such evidence and the evidence submitted in support of the Petition for Modification fails to reveal wherein there has been a mistake of fact in the original order. As a matter of fact a more careful consideration, such as can be given while having a transcript strongly confirms the original factual conclusions set forth in the previous order.”
On the question of whether there had been a change in condition since the entry of the compensation order, the deputy’s pertinent findings were as follows:
“The deposition of the claimant submitted in support of the petition is complete. It justifies as a conclusion and it is found as a fact that the claimant has done very little work since the entry of the order. The evidence of *619 the claimant, together with that of his physicians, supports the position that he has been unable to do heavy work. In addition to these factual conclusions, however, it is necessary that the claimant establish a causal relationship between the present condition and the injury and accident upon which the claim is based. In my opinion, it is this point that he has failed to establish.
“At various times in his life, the claimant sustained serious and severe injuries to himself and he had apparently done heavy labor most of his life. As a result of this, the claimant was undergoing . mild degenerative arthritic changes in the lumbar spine and because of his advancing age, it was considered undesirable for him to do any heavy work. His age at the time of the accident was 53 and it is now 55.
“A comparison of the testimony taken before the previous order and submitted in support of the petition reveals that there is very little, if any, difference between the physical symptoms evidenced by the claimant, and the only specific change noted is that there has been an atrophy of the right calf.
“The best that Dr. Price and Dr. Littell, who examined the claimant since the previous order, can do is to state that they found a certain condition to exist, which on history they would relate to the man’s injury in 1955. It is interesting to note, however, the conclusion of Dr. Price which is stated on page 11 of the deposition, that 'It would be impossible for me to tell on examination what part, if any, was the result of an injury in 1942 or whether it was a result of the injury in 1955, I could not tell.’
“A review of the testimony reveals that the most the claimant can hope for us to do would be to marshall the testimony of himself and the doctors taken before the previous order and compare it with the testimony of himself and the doctors taken after the order.”
The deputy commissioner found and concluded that as of July 8, 1955, the claimant had returned to his pre-injury status and was not in need of further medical care at that time; further, that the claimant by his petition for modification had failed to show either a mistake in the determination of facts as set forth in the previous order, or a material change in condition related to the accident, and on those findings dismissed the petition for modification.
Testing the orders of the deputy commissioner and the Full Commission in the light of the rule announced herein, it follows that the petition for writ of certiorari should be and it is denied.
CARROLL, DONALD, and WIGGIN-TON, JJ., concur.