SHANNON, Judge.
This is a Petition for Certiorari to the Florida Industrial Commission on behalf of Tampa Ship Repair and Dry Dock Company, et al.
The Deputy Commissioner had denied the claim and the Full Commission had reversed the Deputy’s holding that the claimant had not brought himself within the Act, although one of the Commissioners dissented.
There is only one point involved, namely, proof of injury in the course of employment, alone, is insufficient to establish causal connection between employment and injury, no presumption of causal connection arising therefrom. The respondent states the question in another way as to whether the Full Commission erred in reversing the Deputy Commissioner in the said cause.
Workmen’s Compensation Law, F.S.A. § 440.09, provides that the employee is entitled to the benefits thereunder “* * * if the disability or death results from an injury arising out of and in the course of employment.”
The respondent had been employed by the petitioner as a boilermaker and mechanic’s helper for about five months prior to the occasion of his disability. On the day in question he was working on a tank, helping a mechanic replace a plate inside a tanker ship. He had worked on this particular job about a day and a half. At the time involved he felt a stinging sensation on his left thigh. The next day on going to a physician, his condition was diagnosed as larva migrans or creeping eruption, which condition is caused by contact with wet soil or material infected with canine hookworm. In the next several months he was seen by five or six specialists, who gave it as their opinion, on the history as given to them by the respondent, that he had contracted the disability while at work.
He testified himself and another employee also testified. There was no showing that the germs came from any wet sand or soil about the place of business of the petitioner. Neither was there any evidence that there was any dog or cat excrement or that the respondent came in contact with any in or about the petitioner’s premises.
So, as we see it, it is a question of whether there was any substantial evidence before the deputy commissioner showing a causal relationship between the respondent’s employment and the injury sustained in the course thereof.
The Full Commission, in reviewing the Deputy Commissioner, relied chiefly upon the language found in Sanford v. A. P. Clark Motors, Fla.1950, 45 So.2d 185, saying:
“We are of the opinion that the rule enunciated by our Supreme Court in Sanford v. A. P. Clark Motors, Fla. 1950, 45 So.2d 185, is applicable in the instant cause and that the Deputy Commissioner has failed to apply the rule to the evidence adduced in the cause. The rule, in effect, is that where an injury is conclusively shown (in this case larva migrans) and a logical cause for it is proven (contact with wet sand and earth), he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason.”
While the language used in the Sanford case, supra, would seem to support this result without qualification, yet the Supreme Court has in later cases delimitated the extent of this holding. In Pridgen v. International Cushion Company, Fla.1956, 88 So. 2d 286, 287, a question quite similar was before the Court and the Sanford case was urged as establishing a controlling presumption, but the Supreme Court in rejecting this contention said:
*42 “The petitioner urges that the evidence narrated above establishes two of the three elements necessary for compensation, namely, the (1) injury (death), (2) during the course of employment, sec. 440.09(1), Florida Statutes 1953, F.S.A., and hy applying the presumption of sec. 440.26, Florida Statutes 1953, F.S.A., viz.: ‘In any proceeding for the enforcement of a claim for compensation under this chapter it shall he presumed, in the absence of substantial evidence to the contrary— (1) that the claim comes within the provisions of this chapter.’ claimant’s evidence is sufficient to create at least a prima facie showing that the death arose out of (that is, has a causal connection with) the employment. Thus appellants say the burden is shifted to the employer or carrier to show there was no causal connection between the death and the employment.
“Arguing that no' ruling has been made by this Court on this precise question, petitioners say that under the holding of this Court in Sanford v. A. P. Clark Motors, Fla.1950, 45 So. 2d 185, 187, as approving Crawford v. Benrus Market, Fla.1949, 40 So.2d 889; American Airmotive Corp. v. Moore, Fla.1952, 62 So.2d 37; Lyng v. Rao, Fla.1954, 72 So.2d 53 and Johnson v. Dicks, Fla.1954, 76 So.2d 657, the result urged by them is clearly indicated. We cannot agree that such conclusion may be drawn from any of the cited cases. In Sanford v. [A. P.] Clark [Motors], supra, the death of the employee was caused' by violent, external means. The cause of death in that case was clearly ascertainable as having arisen out of an automobile accident. We applied a presumption only to the single real question involved in that case — whether the accident occurred in the course of the employment. * * * »
The doctrine in the Pridgen case, supra, was reaffirmed by the Supreme Court in Arkin Construction Company v. Simpkins, Fla.1957, 99 So.2d 557, 560, where it was said in part:
“Medical testimony in workmen’s compensation cases is subject to the substantial evidence rule. Martin v. Board of County Commissioners, Fla. 1955, 79 So.2d 513. Further, although this Court does not bind a claimant to the burden of proving his claim by a preponderance of the evidence, a claimant cannot recover on mere speculation or conjecture. Johnson v. Dicks, Fla. 1954, 76 So.2d 657. A claimant must prove a causal connection between his employment and the injury for which compensation is claimed by clear evidence. Superior Mill Work v. Gabel, Fla.1956, 89 So.2d 794. There is no presumption that an injury, the death in this case, is causally connected to the employment. Pridgen v. International Cushion Co., Fla.1956, 88 So.2d 286. Rather the burden is on the claimant to establish a causal connection between his injury and his employment. Reed v. Brinson Electric Co., Fla.1951, 50 So.2d 877.” (Emphasis added.)
There is no doubt that in this state the burden of proving a causal relationship between employment and any injury sustained in the course thereof rests on the claimant without the aid of any presumption. In the instant case the Deputy Commissioner found that the claimant had not carried this burden with substantial, competent evidence. His finding is entitled to the same weight as findings made by a chancellor in an equity case, and should not be upset by the Full Commission if supported by the record. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741. It follows then that the majority of the commission erred in finding that a “logical cause” of the infection was proven, contrary to the Deputy’s finding. There was no testimony that the respondent’s thigh where the infection was contracted, ever came in con *43 tact with wet dirt or sand on the job. There was absolutely no evidence showing that the soil around the claimant’s place of employment was infected, or even more likely to be infected than any other that claimant might have been around.
In Larson’s work on Workmen’s Compensation Law, § 8.50, it is pointed out that even in the most liberal jurisdictions, recovery for infectious diseases is only allowed where a “preponderance of probabilities” is shown that the infection occurred at the place of employment, or that the risk of infection at the place of employment was demonstrably higher.
It would seem therefore that the language used by the Commission in Ganier v. Bay Machine and Welding Company, Inc., Fla.1956, 1 F.C.R. 361, is peculiarly applicable to this case. The Ganier case involved an infection of larva migrans and it was there held by the Full Commission that:
“ * * * We are of the opinion that the claimant has failed to establish the place of employment as the source of her infection or show that the risk of infection was greater at the employer’s premises than at her own premises.”
It is urged upon us that the conclusion of the medical experts would sustain the Commissioner’s decision, but it must be remembered that the medical opinions are based entirely upon the respondent’s personal history as given by him, and in this cause such conclusion, based on personal history, has no greater evidential value' toward proving a causal relationship than that history as developed at the hearing, with the benefit of cross-examination. As was stated by the Supreme Court in Arkin Construction Company v. Simpkins, supra:
“ (6,7) It is elementary that the conclusion or opinion of an expert witness based on facts or inferences not supported 'by the evidence in a cause has no evidential value. It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion.”
We have come to the conclusion that the order of the Full Commission should be and is hereby quashed and the cause remanded to the Commission to affirm the order of the Deputy Commissioner.
Reversed and remanded.
ALLEN, Acting Chief Judge, and REGISTER, DON, Associate Judge, concur.