TERRELL, Justice
(dissenting).
This is a petition for certiorari to review an order of the Florida Industrial Commission, hereinafter referred to as the Commission, which affirmed the order of the Deputy Commissioner dismissing petitioner’s claim for benefits under the workmen’s compensation law.
The pertinent facts found by the Deputy are as follows. The decedent, David Mc-Duffee, was employed by the Miami Water Heater Co., Inc., Miami, Florida. Late afternoon December 5, 1958, McDuffee left Miami driving a pick-up truck belonging to his employer; the truck was loaded with equipment necessary to install a water-softening plant at the Old South Barbecue Restaurant on U. S. Highway 41, a short distance north of Fort Myers, Florida, where he was to install the water-softening equipment December 6, 1958. He arrived at the Old South Barbecue Restaurant at approximately 10 o’clock p. m., where he remained until 11 o’clock p. m., during which time he discussed with the operator and owner of the restaurant the installation of the water softener on the following day. The owner cautioned McDuffee that the equipment must be installed the next day or he did not want it. McDuffee stated that he would try to get it installed but he had a ' contact to make and the owner replied that if he had any contact to make, he had better make it that night or after he had installed the equipment the next day. While at the restaurant Mc-Duffee appeared to be normal except that he stated that he had driven from Miami and was rather tired.
McDuffee registered at the Parker Plaza Motel at approximately 11:30 o’clock on the night of December 5, 1958. He remained there only a few minutes and after being shown his room, he asked the manager where he could get a bottle of beer. The manager suggested the Brown Jug, which was approximately one-half to three-fourths of a mile south of the motel towards Fort Myers. The motel itself was 600 to 700 feet south of the Old South Barbecue Restaurant.
McDuffee was involved in an automobile accident between 2:30 and 3 o’clock a. m., at a point on U. S. Highway 41, approximately 3 or 4 miles north of the Old South Barbecue Restaurant and 1.3 miles north of the Lee-Charlotte County line. The details of the accident are not important here except to state that McDuffee met his death as a result of the collision of his truck with a tractor-trailer of the Tamiami Motor Lines.
In denying petitioner’s claim for compensation, the Deputy made the following findings:
“ (6) That there was no testimony to show that the employee had ever had any contacts for the sale of merchandise in the area of Charlotte County. There was no evidence that he had ever made any calls in that area for the sale of his employer’s product, and since his death no one has contacted the employer relative to the purchase of any water-softening or water-conditioning equipment which the employee had mentioned, or that they ever had any contact with the employee during his lifetime, and in fact the employer has never sold any water conditioning equipment in Charlotte County.
*568 “(7) That there was no showing of any reason why the employee was at a point north of the Old South Barbecue Restaurant for any reason, as his destination when he left his employer was the Old South Barbecue restaurant where he was going to install a water-conditioning unit on the following day. That at the time of the accident he was not doing anything for the furtherance of his employer’s business and was not within the scope of his employment at the time of the accident, and the claim of Mildred S. McDuf-fee, widow of the deceased employee, for death benefits under the Workmen’s Compensation Act should be denied and dismissed, as the employee’s death was not caused by an injury arising out of an accident in the course of his employment.”
The Commission affirmed the order of the Deputy in a memorandum decision citing United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
The petitioner contends (1) there is no competent substantial evidence to support the Deputy’s findings, and (2) the character of the evidence introduced impelled the Deputy as a matter of law to draw the inference that the employee met his death in an accident arising out of and in the course of his employment. The thrust of petitioner’s argument is that in cases like this, in the absence of a positive showing to the contrary, the law presumes that the accident occurred while the person injured was in the course of his employment and the burden is on the employer to show by direct and positive evidence that it did not so occur. She relies upon Sanford v. A. P. Clark Motors, Inc., Fla.1950, 45 So.2d 185, and insists that the respondents have failed to carry the burden imposed upon them. Respondents urge that there is competent substantial evidence to support the Deputy’s findings; that the burden is upon a claimant to establish a causal connection between his injury and employment, Martin v. Board of County Commissioners, Fla. 1955, 79 So.2d 513; and that the evidence clearly demonstrates that the employee deviated from his employment and is therefore not entitled to recover. N. & L. Auto Parts Co. v. Doman, Fla.App. 1959, 111 So. 2d 270, certiorari denied Fla., 117 So.2d 410; Fidelity & Casualty Co. of New York v. Moore, 1940, 143 Fla. 103, 196 So. 495; Foxworth v. Florida Industrial Commission, Fla. 1955, 86 So.2d 147.
If the respondents are correct in their contention that McDuffee deviated from the course of his employment, there would' be no need to discuss the issue of where the burden lies. However, I have read the record and to me it is clear from the testimony of the president of the respondent, Miami Water Heater Co., Inc., that there may have been no deviation. The president testified that he had McDuffee listed as a salesman doing canvass work. He stated that McDuffee brought in his own leads, did deliveries, installed and serviced his own equipment, and acted as a truck driver. He was in complete charge of selling water purification equipment arid at least on occasion his employer provided him with a truck such as the one in which he went to Fort Myers. The president testified that he was pleased with McDuffee’s work because water-softening equipment was a new venture with his company and was a real hard job. He further stated that he considered the Fort Myers area a ready market for water-softeners because it is an area of sulphur water, and both he and Mc-Duffee were concerned with the Old South Barbecue job because it was their first real installation in the area. In answer to a question as to whether he thought that the job would lead to further sales in the Fort Myers vicinity, he stated, “Yes, we sure did.” In answer to the question of whether or not he put any restrictions on the use of the company truck while in Fort Myers, the president stated, “No. I figured he was going to the Old South, as he had done before, and he would stop and see any new prospects that might buy this equipment, because he did his own canvass *569 work.” In conclusion, he stated that though he did not know of any specific prospects which McDuffee intended to stop and see on the Fort Myers trip, he was not familiar with all McDuffee’s prospects “ * * * because he did not check every one of them in with me. Some of them he would be talking to and, naturally, they would be prospective customers, and he wouldn’t tell me until he thought he almost had them sold.” From this it appears clear that there was no deviation by the deceased. If the petitioner lias sufficiently established that her husband was soliciting new customers at the time ■of his death, as opposed to having been on •some purely private or personal mission, .■she would be entitled to recover.
Now let us consider the burden of proof •for a moment. Petitioner admits that at least initially the burden of proof is upon a claimant to show that his injury arose out of and in the course of his employment and that there is no presumption in his favor. Martin v. Board of County Commissioners, supra. We agree. However, I also think that this burden may be met by circumstantial evidence and when a claimant has established a logical reason within the scope and course of his employment for his accident or injury, it then devolves upon the employer or carrier to come forth with some proof to sustain a contrary position. As stated in Sanford v. A. P. Clark Motors, Fla.1950, 45 So.2d 185, 187:
“The record further discloses that the deceased had been a trusted employee of A. P. Clark, Inc., for more than two years and since he was supposed to be off on Saturday afternoon (the time of the accident) he was engaged in a special mission for his Master when he was killed. In the absence of positive showing to the contrary the law indulges the presumption that the accident occurred while the person injured was in the course of his employment. When the employer denies this, the burden is on him to prove that the accident did not take place in the course of employment. He must establish his denial by direct and positive evidence, negative evidence will not suffice.
“In proving that an accident took place in [the] course of one’s employment a claimant is not bound by the preponderance of evidence rule or the rule of proof beyond and to the exclusion of a reasonable doubt as in criminal cases. He is required to prove or show a state of facts from which it may be reasonably inferred that the deceased was engaged in the Master’s business when the accident took place. Ji5 $ ‡
******
“This court is committed to the doctrine that when a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason. Crawford v. Benrus Market, Fla., 40 So.2d 889. The proof of appellees falls far short of this standard. No other rule could possibly give the force and effect to Workmen’s Compensation that the makers purposed for it. Even in doubtful cases the doubt should be resolved in favor of the claimant."
We have applied this rule in cases where the issite was whether the duties of the employee’s employment “caused” his death or injury, i. e., whether he was within the scope and course of his employment, Sanford v. A. P. Clark Motors, supra, and American Airmotive Corp. v. Moore, Fla. 1952, 62 So.2d 37. We have also applied it where the question was whether or not the injury could be causally connected with an accident that admittedly happened within the scope and course of employment. Crawford v. Benrus Market, supra; Lyng v. Rao, Fla.1954, 72 So.2d 53; Johnson v. Dicks, Fla.1954, 76 So.2d 657. We have *570 sometimes refused to apply it in situations distinguishable from the case at bar. Foxworth v. Florida Industrial Commission, Fla.1955, 86 So.2d 147, and Pridgen v. International Cushion Co., Fla.1956, 88 So.2d 286. See also Nix v. Merrill-Stevens Dry Dock & Repair Co., Fla.App.1958, 107 So.2d 616, certiorari denied Fla., 109 So. 2d 573.
It is clear from a reading of the Deputy’s findings set forth above that he did not accord petitioner the presumption required by these cases and that he did not resolve the doubts in her favor. In this I feel he erred and that petitioner’s contention that her husband was out making contacts with prospective customers and was .returning from making such contacts when he was killed is logical, is amply supported by the record, and is uncontroverted by the respondents. See especially American Airmotive Corp. v. Moore, supra. I would reverse the order of the Commission affirming the Deputy and remand the cause for the taking of such further testimony as would be necessary to establish the compensation to which petitioner is entitled.
I therefore dissent.
DREW, J., concurs.