ROBERTS, Acting Chief Justice.
By petition for writ of certiorari we have for review an order of the Industrial Relations Commission affirming an order of the Judge of Industrial Claims which had denied benefits to an employee under the hernia provisions of the workmen’s compensation act.
Claimant Salazar allegedly suffered a hernia while he was at work on November 11, 1968 in a clothing store transferring men’s suits to an upstairs room. The judge denied benefits under the hernia statute, holding that there was “no accident or unusual exertion.” Upon review, the Commission concluded that claimant had failed to prove by competent substantial evidence the occurrence of an “accident” and, with one dissenting member, affirmed the denial of benefits.
The claimant here contends that the record presents undisputed competent substantial evidence to support his claim for benefits under F.S. § 440.15(6), F.S.A.
Although it is not the function of this court to explore the record and construct factual findings at the appellate level, the findings of the Judge of Industrial Claims are so meager we feel compelled to examine pertinent portions of the record. Claimant testified that he suffered a pain in the left groin after lifting the heavy suits, that he was unable to finish the transfer of the suits upstairs, and that his supervisor told him “not to lift anymore.” He testified that he finished the working day but noticed a large lump in the lower left groin that night. Claimant stated that he had suffered no subsequent injury from that date to the date of hearing but had suffered continuous pain.
Further, claimant’s personal physician, Dr. Alvaro Vargas, who examined him on March 6, 1969, testified that claimant gave a history of the lifting incident of November, 1968 informing the doctor then that “he was at work and lifting something and he felt a large pain in the left side.” The doctor testified that he had diagnosed with certainty the fact of the hernia and that the history was consistent with claimant’s assertion that the injury of November, 1968 was the cause. Dr. Vargas had found no evidence of a left inguinal hernia in prior examinations. This testimony was corroborated by another physician who examined claimant in January, 1969.
This evidence clearly establishes that an accident occurred under F.S. § 440.15(6) (d), F.S.A.[1] and that injury followed. See Gray v. Employers Mutual Liability Insurance Company, 64 So.2d 650 (Fla.). Unusual exertion is not a prerequisite to recovery under the statute. The accompanying pain is attested to by the employee’s complaints to the supervisor and his appointments with physicians, plus the fact of the hernia itself. Cf. Crawford v. Benrus Market, 40 So.2d 889 (Fla. 1949).
Neither the Industrial Relations Commission, nor the Judge of Industrial Claims, *140 had the advantage of our recent decision in Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970), which in reviewing a somewhat analogous situation said:
“We conclude the Judge of Industrial Claims and the Commission erred in finding that claimant suffered no accident within the contemplation of Florida Statute § 440.02(19), F.S.A. We are committed to the doctrine that the trial judge is charged with the duty of holding a hearing and making findings of fact, and his findings are entitled to great weight and ordinarily will not be reversed. Wilkes v. Oscar’s Transfer & Storage, Fla., 164 So.2d 810; United States Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741. However, we are also committed “to the doctrine that when a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason.” Jim Rathmann Chevrolet Cadillac, Inc. v. Barnard, Fla., 200 So.2d 161, 164; Sanford v. A. P. Clark Motors, Inc., Fla., 45 So.2d 185; Crawford v. Benrus Market, Fla., 40 So.2d 889. There was no evidence of a prior back injury and the fact of a serious injury is conclusively shown. The foregoing evidence presented a logical explanation of causal relationship to the injury so as to require the employer-carrier to show that another cause of the injury is more logical and consonant with reason.”
For the reasons stated, we hold that there was a compensable industrial accident resulting in injury, so the order under review is quashed with instructions to remand the cause to the Judge of Industrial Claims for the entry of an appropriate award of compensation.
It is so ordered.
DREW, CARLTON, ADKINS and BOYD, JJ., concur.

. F.S. § 440.15(6) (d), F.S.A. Hernia— In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment it must he definitely proved to the satisfaction of the division:
(a)That there was an injury resulting in hernia.
(b) That the hernia appeared suddenly.
(c) That it was accompanied by pain.
(d) That the hernia immediately followed an accident.
(e) That the hernia did not exist prior to the accident for which compensation is claimed.