ENGLAND, Justice.
John Tatum alleges that his left leg was injured in a fall while working at Leon Moss Dairy. At a hearing he testified concerning the nature of the injury and eir- *640 cumstances- surrounding the fall. There were no witnesses to the incident. Tatum, along with several members of his family, also testified concerning a motorcycle accident in which he was involved on the day prior to his alleged work injury. The witnesses uniformly testified that the injury which Tatum suffered from the motorcycle accident was to his right leg.
The Judge of Industrial Claims dismissed the claim, apparently concluding that Tatum and his supporting witnesses were lying. He found that the injury for which compensation was sought resulted from the motorcycle accident. The Industrial Relations Commission affirmed, and Tatum now seeks our review of that conclusion.
The question posed for our consideration is whether a Judge of Industrial Claims has the power to determine that an injury has not been sustained in the course of employment solely because (1) he disbelieves the testimony of a claimant and (2) there exists circumstantial evidence that the injury could have been attributable to an event which occurred on an earlier date. We dispense with oral argument and hold that he has that power.
In Sanford v. A. P. Clark Motors, 45 So.2d 185, 187 (Fla.1950), this Court held:
“In the absence of positive showing to the contrary the law indulges the presumption that the accident occurred while the person injured was in the course of his employment. When the employer denies this, the burden is on him to prove that the accident did not take place in the course of employment. He must establish his denial by direct and positive evidence, negative evidence will not suffice.”
In this case the employer offered no direct evidence as to the source of claimant’s injury, and Tatum argues that the Judge of Industrial Claims ignored the legal presumption established in Sanford. We disagree. Sanford simply was not germane.
Sanford involved an accident in which the employee was killed under ambiguous circumstances. The only alternative to his being injured in the course of his employment was that he had been performing personal business instead of his assigned task. On the facts of that case the suggested alternative necessarily involved questions concerning the employee’s state of mind. Since there was no factual basis to choose one alternative over the other, the policies underlying workmen’s compensation dictated the need for a presumption in favor of coverage.
There is a significant difference between Sanford and this case, although a common ground in both is the absence of witness testimony or other corroborative evidence as to the injury being employment-related. Here, unlike Sanford, there was testimonial evidence presented by the claimant as to the time, place and cause of the injury, and the Judge could observe his behavior and demeanor at the hearing. His credibility bore on the determinative fact-resolution function of the judge, whereas a legal presumption was the only available basis on which to resolve the alternative fact possibilities in Sanford. Since the judge was obviously free to believe or disbelieve what he heard, and the case hinged on his choice, there was an adequate record foundation to deny the compensation award without resort to policy-oriented legal presumptions. In this case, therefore, there was no occasion to raise (or require the employer to rebut) the Sanford presumption.
We must sustain the conclusions of the trier of fact in this case and deny petitioner’s request for a writ of certiorari.
OVERTON, C. J., and ROBERTS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.