SHIVERS, Judge.
Appellant, Bernard Logan, brings this appeal from a final workmen’s compensation order entered February 15, 1979. In that order,- the judge of industrial claims found that appellant’s alleged accident of April 11, 1977, did not arise out of his employment. Accordingly, the judge of industrial claims denied appellant’s claim for benefits due to the alleged accident. Appellant brings the following point on appeal: Whether the judge of industrial claims erred in failing to find that appellant suffered a compensable injury by accident arising out of and in the course of his employment on April 11, 1977. Appellees bring the following point on cross-appeal: Whether the judge of industrial claims erred by rejecting the defense of misrepresentation of physical condition in obtaining employment, the defense of condition due to preexisting disease or anomaly, and the defense of injury due to idiopathic causes.
Appellant, aged 65, has the equivalent of a high school education and a job history in service station and mechanic work. Prior to the alleged date of accident, he suffered from various physical and psychiatric prob *1171 lems, including depression, hypertension, sweating and dizzy episodes, and back and leg problems. On April 11, 1977, he had worked a day and a half at employer’s hardware store, doing general delivery and clerk work. While pushing a dolly up a steep ramp to unload a group of chairs, he strained as hard as he could to prevent the chairs from falling. He testified he then felt chest pain and collapsed. He lost consciousness, fell and scraped himself on a wooden floor.
Appellant was taken by ambulance to a hospital, admitted to the intensive care unit, and told he had had a heart attack. However, later heart tests showed no abnormality and he was discharged about two weeks later. The treating doctor, Dr. De-Luca, diagnosed arthritis- and a small hernia. Appellant testified he has suffered from chest and leg pain, headaches, shortness of breath, depression and nervousness since the incident.
Much conflicting medical testimony was presented. Dr. DeLuca stated he never found an adequate explanation for appellant’s chest pain. However, he testified the physical stress of moving the chairs could have caused appellant to lose consciousness, and he had no better explanation for appellant’s loss of consciousness. A psychiatrist, Dr. Gilbert, based his testimony on his treatments of appellant since August, 1977, and opined appellant still needed continuing psychotherapy and had not reached maximum medical improvement yet. Dr. Gilbert testified appellant was predisposed to traumatic nervous neurosis, and had suffered a neurotic reaction to being told he had had a heart attack, and to being put in the intensive care unit. Psychologicálly, appellant’s chest pain had had the same impact as if he had had a heart attack. Dr. Gilbert did not use the term “cardiac neurosis” in his report, but testified appellant had a mixed type of neurosis involving cardiac complications, hysterical complications, pressure and tension.
Another psychiatrist diagnosed chronic depression, which could have been exacerbated by a low-back injury in 1975. An internal medicine specialist testified he had treated appellant for hypertension for several years prior to the accident, and that hypertension could have caused appellant to pass out. Appellant did not mention ever having any back injury in his employment application, which had a specific question regarding back injuries. In response to the other medical questions, appellant also did not mention his history of hypertension or psychiatric problems. According to the evidence presented at the hearing, appellant also may have given an incorrect age on the employment application, and falsified his prior employment history.
On the point on appeal, we agree with appellant that the judge of industrial claims erred in not finding appellant suffered a compensable injury by accident arising out of and in the course of his employment.
The well settled “logical- cause” doctrine works in favor of appellant. The appellant proved a serious injury and a logical cause for it. The employer/carrier did not meet their burden of overcoming the established proof by showing that an-' other cause of the injury is more logical and consonant with reason. “Even in doubtful cases the doubt should be resolved in favor of the claimant.” Sanford v. A. P. Clark Motors, Inc., 45 So.2d 185, 188 (Fla.1950). Appellant suffered an actual collapse on the job when he strained to push the chairs up the ramp. This unusual exertion negates a finding of an idiopathic causation. He is entitled to benefits during the period of his hospitalization following the collapse.
The point on cross-appeal also has merit. Given the wealth of evidence showing appellant may have deliberately falsified his employment application, the deputy erred in not considering the employer/carrier’s defense that they have been injured by the false representations made by appellant. Martin Company v. Carpenter, 132 So.2d 400 (Fla.1961). In the order, the deputy found:
While it is evident that the claimant did misrepresent his physical condition to the employer, I find the defense based on *1172 this is moot since there was no claim presented based on the pre-existing conditions of back injury and hypertension.
Since we have reversed the deputy’s finding that the accident did not arise out of employment, however, the defense of misrepresentation is no longer moot. Thus, on remand, the deputy must consider the employer/carrier’s defense based on Martin v. Carpenter, supra.
Accordingly, the order is reversed, and the cause remanded for further proceedings consistent with this opinion.
ERVIN and SHAW, JJ., concur.