125 So.2d 297 (1960)
Joseph Lee JOHNSON, Deceased, Cecella Elizabeth Johnson, Minor Daughter, Joseph Lee Johnson, Jr., Minor Son, Petitioners,
v.
KOFFEE KETTLE RESTAURANT, Iowa National Mutual Insurance Co., and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
November 18, 1960.
Rehearing Denied January 16, 1961.
William T. Quick of Monast, Sladon & Quick, Fort Lauderdale, for petitioners.
Ronald A. Fitzgerald of Fleming, O'Bryan & Fleming, Fort Lauderdale, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
TERRELL, Justice.
April 18, 1959, Joseph Lee Johnson was struck by an automobile while crossing State Road 7, in West Hollywood, Broward County, Florida. He died about three hours later as the result of injuries received in the accident. At the time of his death he was an employee of Koffee Kettle Restaurant located on the opposite side of the road or street near where he was struck. He was employed as handyman by said restaurant, had an apartment in and lived there, his hours being from 4:30 a.m. to *298 9 p.m., or at such time as he finished his duties in the evening.
The restaurant was operated by Edward R. Johnson, a cousin of the deceased. About twenty minutes of nine p.m., April 18, 1959, Joseph Lee Johnson left the restaurant in the presence of his employer, stating to him, "I will be back in a couple of minutes." He was knocked down and killed as he crossed the road. Joseph Lee Johnson, Jr., and Cecelia Elizabeth Johnson, minor children of the deceased, seasonably filed claim for benefits which came on for hearing before the deputy commissioner at Fort Lauderdale, October 1, 1959, resulting in a judgment holding the said claims compensable and awarding judgment in favor of the minor children. In application for review before the full commission, the judgment of the deputy commissioner was reversed, one member of the commission dissenting. We are confronted with an appeal by certiorari to review and quash the order of the full commission.
The question presented for our determination is whether or not after imposing the "presumption" contained in § 440.26, Florida Statutes, F.S.A., the injury and death of Joseph Lee Johnson arose out of and in the course of his employment.
The deputy commissioner found that the claimants, Cecelia Elizabeth Johnson and Joseph Lee Johnson, Jr., were the minor children of Joseph Lee Johnson, the deceased; that Joseph Lee Johnson was struck by an automobile and injured April 18, 1959, and died on the same date as the result of said injury; that decedent was employed at Koffee Kettle Restaurant at the time he was killed and that his working hours were from 4:30 a.m. to 9 p.m., or until such time in the evening as he was through with his work for the day. On the date of the accident, about 8:45 p.m., before completing the day's work, decedent left the restaurant in the presence of his employer, at the time commenting to him that he would be back in a minute. As the decedent crossed the highway he was struck by an automobile and received multiple injuries which caused his death approximately three hours later. It is argued on behalf of his minor children that he was on an errand for his employer. The carrier urges that decedent left his work and probably was on his way to a bar located across the road or street. The deputy found that in the past the decedent, in the course of his employment, had left the premises on many occasions to obtain items for the restaurant such as soap, cleaners and bread, and that after having obtained same, he presented a bill to his employer and received reimbursement; that this was the practice that had continued virtually from the time decedent became employed at the Koffee Kettle Restaurant. The deputy further found that decedent was killed during ordinary working hours; that his death was accidental, as a result of being struck by an automobile; that across the street and slightly southward thereof is located a grocery store which remained open until approximately 11 p.m., or 12 a.m.; that in the past claimant had obtained products at the grocery store which were used at the restaurant; that certain testimony established that there was the smell of alcohol upon the breath of decedent, however, the extent to which, if any, decedent was affected by such alcohol is absolutely wanting, and there is no testimony or evidence to indicate that the alcohol was the proximate cause of the injury to decedent. The deputy commissioner further found that the decedent was injured as a result of an accident which occurred in the course of his employment.
The deputy commissioner also found that at the time of the accident decedent was being paid a weekly wage of $40, plus room and board which the undersigned finds to be of the value of $20 per week, making a total average weekly wage of $60. The deputy also found that deceased is survived by two minor children, Joseph Lee Johnson, Jr., and Cecelia Elizabeth Johnson, who are, at the present, residing with their mother, Sadie Collins White. The mother of claimant children has heretofore obtained a divorce *299 from the deceased and remarried. The claimants have not been adopted by their mother's present husband, nor are they in any way legal dependents of the deceased's previous wife's husband.
The full commission reversed the finding of the deputy commissioner for lack of proof that the death of Joseph Lee Johnson arose out of and in the course of his employment and that the deputy commissioner did not have before him such sufficient facts upon which it could be reasonably inferred that the deceased was engaged in the employer's business at the time of his death.
I think the facts as revealed by the findings of the deputy commissioner are ample to show that the deceased was engaged in his employer's business at the time he was killed. In such cases it is essential that claimant prove or show a state of facts from which it may be reasonably inferred that deceased was engaged in his master's business when the accident resulting in his injury took place. This court is committed to the doctrine that in making such proof the claimant is not bound by the preponderance of the evidence rule or the rule of proof beyond and to the exclusion of a reasonable doubt. Sanford v. A.P. Clark Motors, Fla. 1950, 45 So.2d 185. These rules grew out of the necessity for orderly procedure in reaching and litigating issues in civil and criminal cases.
Workmen's compensation is a complete departure from the civil and criminal code; the issues are different and require a different procedure to resolve them. As heretofore stated, in workmen's compensation, it is essential that claimant prove or show a state of facts from which it may be reasonably inferred that deceased was engaged in his master's business when the accident resulting in his injury took place. If the evidence to establish such a state of facts is competent and substantial and comports with reason or from which it may be reasonably inferred that deceased was engaged in his master's business when he was injured, it is sufficient.
Evidence to show a state of facts from which a conclusion may be reasonably inferred or that is substantial and comports with reason is markedly different from establishing by the preponderance of the evidence rule or the rule of proof to the exclusion of a reasonable doubt. The reason for this is grounded in the reason for workmen's compensation  a means devised to require industry to share with society the expense of injuries caused by it. This is why we are committed to the doctrine that when an injury is conclusively shown and a logical cause for it is demonstrated, he who seeks to defeat recovery has the burden of overcoming the established proof and showing that another cause is more logical and consonant with reason. Crawford v. Benrus Market, Fla. 1949, 40 So.2d 889.
Proof measured by preponderance of the evidence rule or the rule to the exclusion of a reasonable doubt would certainly contemplate the elimination of a degree of uncertainty not contemplated when measured by "reason," "reasonable inference" or that which "comports with reason" or "logic," such factors being the sole guide for measuring proof in many workmen's compensation cases. The human element that enters into these factors varies as the mind and emotions of men vary and they should not be measured by the preponderance of the evidence rule or the proof beyond the reasonable doubt rule. To so measure them will cut off many who are entitled to workmen's compensation.
Section 440.26, Florida Statutes, F.S.A., imposes certain "presumptions" to aid in establishing compensation claims, "in the absence of substantial evidence to the contrary." These "presumptions" are as follows:
1. That the claim comes within the provisions of this chapter.
2. That sufficient notice of such claim has been given.
*300 3. That the injury was not occasioned primarily by intoxication of the injured employee.
4. That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another.
As to presumptions 1, 2 and 4 above, there is not the slightest doubt that the claim in question is within the statute, that sufficient notice of the claim was given and that deceased's injury was not occasioned by his willful intention. As to presumption 3, there is evidence that there was the smell of alcohol on deceased's breath when he was found, but it is far from being sufficient to show that the injury or death was occasioned primarily by intoxication of the injured employee so it may be said with truth that none of these "presumptions" favors respondent's contention.
In this holding we do not overlook the vigorous effort on the part of respondents to distinguish certain aspects of this case from Sanford v. A.P. Clark Motors, supra; American Airmotive Corp. v. Moore, Fla. 1952, 62 So.2d 37; Crawford v. Benrus Market, supra, and others. In response to this point, it is sufficient to say that we do not think the facts in these cases are so similar to the facts in the case at bar as to use them as precedents to establish or disprove any factor in the present case. Certainly the claimant is required to prove a state of facts from which a reasonable inference of the ultimate fact in controversy may be drawn.
It is accordingly our view that careful analysis of the deputy commissioner's findings reveals substantial proof of such a state of facts as warrants a reasonable inference that deceased was engaged in his master's business when the accident resulting in his injury and death took place. This holding and what is said here disposes of the second question argued. It also accords with the spirit or purpose of workmen's compensation and the manner this court has frequently said it should be interpreted.
It follows that the order of the full commission is quashed with directions to reinstate the order of the deputy commissioner.
THOMAS, C.J., ROBERTS and DREW, JJ., and DAYTON, Circuit Judge, concur.