O’CONNELL, Justice.
This is a petition for certiorari in which the employer and carrier seek to set aside an order of the Elorida Industrial Commission wherein the commission affirmed an order of the deputy awarding benefits to the claimant-employee.
It is not disputed that claimant early on the morning of January 26, 1960, while riding to work in the employer’s truck, struck his right arm on an oil drum in the truck. This accident occurred when the truck was brought to a sudden stop to avoid a collision with another vehicle. Claimant testified that following the accident his “arm hurt a little” and that he reported the accident to his foreman. This was denied by the foreman.
The claimant continued to work through January 29th. His work consisted of heavy labor such as hoeing “mud”, helping with the plaster and scaffolding, and lifting, with his hands, concrete blocks weighing 40 pounds.
On the evening of January 29th, some 314 days after the accident involving his arm, claimant went to a hospital complaining of pain in his right arm. X-rays were taken revealing a fracture of the ulna in claimant’s right forearm. A cast was applied.
*395 The employer filed a notice to controvert the claim.
Claimant removed the cast from his arm and subsequently on March 26, 1960 consulted Dr. Eugene Silverstone who applied a new cast and treated claimant.
After a hearing and submission of medical authorities by the parties, the deputy entered the order under attack in which he awarded compensation and medical benefits, including compensation for 15% permanent partial disability of the right extremity. In essence he found the broken arm to be the result of the accident of January 26th in which claimant contended that he had struck his forearm on the oil drum.
The employer contends, first, that there is no competent substantial evidence according with logic and reason to support the deputy’s order and urges that the order of the full commission and deputy be quashed and the claim dismissed. As an alternative it is urged that the orders be quashed and the cause be remanded for further proceedings.
The employer also contends that the orders under attack ought to be quashed because the deputy, in part at least, based his order on medical texts which were not introduced into evidence. The record shows that at the end of the hearing the deputy requested the parties to submit to him medical texts or literature relating to the time involved in the formation of calcification around a broken bone. The claimant submitted such texts and the employer submitted a letter written by one of its expert medical witnesses in which quotations from medical texts were set forth. This last mentioned letter is in the file before us although it was never introduced in evidence. The texts submitted by claimant are not in the file before us nor were they received in evidence.
We will first consider whether the deputy’s order is supported by competent substantial evidence which accords with logic and reason.
The evidence produced by claimant, i. e. evidence of the striking of his arm on the oil drum accompanied by some pain and followed by the discovery of a fracture in that arm, would in the absence of any conflicting evidence be adequate to support an award, for on these facts a causal connection between the accident and injury could reasonably be inferred.
In such a situation the burden then shifts to the employer who controverts the claim. It becomes his burden either to show a more logical and reasonable cause of the injury or to show that the injury could not logically and reasonably have resulted from the compensable accident. Crawford v. Benrus Market, Fla.1949, 40 So.2d 889.
If the employer meets this burden the prima facie case made by the claimant vanishes and the burden shifts to him to meet or rebut the evidence offered by the employer. Or, stated another way applicable to this case, he is required to prove a causal connection between an accident and an injury. In workmen’s compensation cases the shifting of the burden of proof and the procedure in doing so is usually not so clear cut as in civil causes and in this case, as in most cases, the claimant presented all of his case, following which employer presented his. Therefore the matter of determining whether the employer successfully met his burden and whether the claimant then rebutted the employer’s evidence devolves down to a determination of whether, regardless of the sequence in which offered, there is in the whole record competent substantial evidence, according with logic and reason, to support the finding of the deputy that there was a causal connection between an accident and an injury.
In this case the employer undertook not to show that there was a more logical cause for the injury, but rather to show that the fracture could not have resulted *396 logically or reasonably from the accident of January 26th. To prove this it offered the testimony of two expert medical witnesses, both experts in radiology.
Both of these witnesses testified that the x-rays taken of claimant’s arm on January 29th, 3J4 days after the accident, showed that calcification had at that time already formed about the fractured bone in an amount which indicated the fracture had occurred prior to January 26th, the day claimant testified he struck his arm.
One of the radiologists testified that the amount of calcification shown in the x-ray of the arm of the claimant, an adult male 43 years of age, indicated the fracture was at least two weeks old when the x-rays were taken and that calcification usually became apparent on x-rays about 10 days after a fracture.
The other radiologist stated that the amount of calcification shown in the x-rays indicated that the fracture was between 10 and 14 days old at the time the x-rays were taken. In his report filed in evidence he stated that the fracture “certainly did not occur on or after January 26, 1960.” He further testified that although calcification forms more rapidly in children, appearance of calcification under seven days was “just about” unheard of even in children.
The only other evidence introduced on this question was given by claimant’s physician, Dr. Silverstone. His qualifications were not established, but it appears from the deputy’s order that he was an orthopedist.
Dr. Silverstone testified that the x-rays taken on January 29th showed some calcification had formed; although calcification usually did not form “for a few weeks”, it was “quite possible” for it to develop “within 24 hours”; and in the “average” case calcification formed in a “couple” of weeks and began to be visible in 7 to 14 days.
When asked by the deputy how often the amount of calcification shown on the x-rays here involved would be found in three and a half days after a fracture Dr. Silverstone replied:
“I don’t know — to be able to put it at S per cent or 10 per cent — you might show something.”
The deputy then asked:
“This is unusual?”
and Dr. Silverstone answered:
“Unusual to show that amount of calcification in a few days’ time but it is not outside the realm of probability.”
(Emphasis added)
The total effect of Dr. Silverstone’s testimony is that while calcification usually does not begin to form for a “couple” of weeks and only begins to show “something” in “seven to fourteen days”, it was “quite possible” for it to develop “within 24 hours” and “not outside the realm of probability” for the amount of calcification shown in the x-rays which were in evidence to form within a few days.
Nowhere did claimant’s expert state that based upon the evidence in this cause he, with reasonable medical certainty, could say that the fracture in claimant’s arm occurred on January 26th.
As we view it the evidence offered by the employer’s experts was positive and certain, was related to the established facts in this cause, and dealt in that which was within reasonable medical probability. Their testimony was competent substantial evidence which accorded with logic and reason. It was sufficient to meet the burden of showing that the accident of January 26th could not have reasonably or logically resulted in the fracture of claimant’s arm.
The evidence offered by claimant on this issue did not rebut or meet that offered by the employer. It was speculative and conjectural because it did not deal *397 in that which was within reasonable medical certainty but only in that which was possible or not impossible. It cannot be said to be competent substantial evidence according with logic and reason. The deputy therefore could not reject the evidence offered by the employer and rely on that offered by the claimant as he did in this cause.
As we said in Arkin Construction Company v. Simpkins, Fla.1957, 99 So.2d 557, when the question is put in issue a claimant must prove a causal connection between his employment and an injury, i. e. between a work-connected accident and an injury; there is no presumption that an injury is causally connected to the employment, and while not bound to prove causal connection by a preponderance of the evidence a claimant cannot do so by speculative or conjectural evidence.
In this case the claimant proved an accident and an injury but he failed to prove by competent substantial evidence which accords with logic and reason that the injury was the result of the work-connected accident.
As to the propriety of the deputy’s considering and relying upon medical texts not introduced into evidence, we think the question is rendered moot by our decision that the evidence in this cause is not adequate to support the deputy’s order.
We do not hesitate to say, however, that any matter not properly presented and received in evidence cannot be the basis of a decision by a deputy and any order based on such evidence will not be permitted to stand. Hodges v. State Road Dept. of Fla., Fla.App.1959, 112 So.2d 593.
But assuming for the sake of argument that such authorities and texts were properly before the deputy and he had the right to rely thereon for decision, we do not think the reliance made on them supports the deputy’s order.
He used these authorities not to support a finding that the calcification shown in the x-rays of claimant’s arm could be said within reasonable medical probability to have formed within 3^4 days, but rather to support a finding that it was not impossible that it did, for he said:
“ * * * it is the opinion of the undersigned deputy that the medical authorities cited would not warrant a conclusion that a 3i/¿ day calcification is medically impossible.’1
Thus the deputy proceeded on the theory that all that was required was that the claimant prove it was not impossible for the injury of January 26th to have caused the fracture, whereas as above noted claimant is required to prove by competent substantial evidence that such was within reasonable medical probability.
In the ordinary case the conclusions reached above would result in a quashal of the orders involved and an end to the cause.
However, in this case it is obvious that the claimant had a broken bone in his right arm on January 26, 1960 when he went to work for the employer; it is un-rebutted in this record that he struck his arm on that day in the course of his employment and 3^4 days later developed sufficient pain to seek medical attention.
In the record it appears that claimant’s counsel, at one point in the proceedings, attempted to take the position that the accident of January 26th had either caused the fracture or in the alternative had aggravated an existing fracture. The deputy rejected consideration of the aggravation theory, pointing out that no evidence of any prior fracture had been introduced.
Nevertheless, the result of our decision and the evidence before us compel the conclusion that the claimant had a fracture which pre-existed the accident of January 26th. The liberal purposes of the Workmen’s Compensation Act require that the claimant have an opportunity to prove, *398 if he can, that the accident aggravated a pre-existing fracture in his arm. If he does he will he entitled to an award for such aggravation and such other benefits as are provided in the Act.
For the reasons above expressed the petition for writ of certiorari is granted and the order of the full commission is quashed, with directions to quash the order of the deputy commissioner and to remand to the deputy for further proceedings, in which the claimant shall have the opportunity to prove, if he can, that the accident aggravated a pre-existing fracture.
It is so ordered.
THOMAS, Acting C. J., DREW, J., and SCOTT, Circuit Judge, concur.
HOBSON, J. (Retired), agrees to conclusion and judgment.