DREW, Justice.
We are asked to review by writ of cer-tiorari a Compensation Order of the Florida Industrial Commission that affirmed the Order of the Judge of Industrial Claims denying death benefits to Petitioners, the widow and dependent children of the deceased employee.
*278 On the day of the fatal accident, the deceased as a part of the duties for his employer drove a tractor-trailer truck from his employer’s business at Day, Florida, to a forest area also owned by the employer located approximately thirty miles from Day, or about ten miles west of Madison, Florida. The deceased appeared in good health upon departing Day, but after arriving at the forest location he told a fellow employee that he was nauseated and attempted to regurgitate without success.
The deceased negotiated his return trip without incident through the city of Madison, Florida, to a point about 2.2 miles from his destination in Day. At about 5.TO p. m. as the deceased negotiated a curve, the truck which he was driving gradually veered into and crossed the opposing lane of traffic, left the pavement and continued to travel some 470 feet off the highway where it eventually struck some saplings and came to a halt. The deceased neither speeded up nor slowed down, turned to the right or left, sounded any horn or took any other measures to avoid the accident. The sole eyewitness to the accident had observed the erratic behavior of the truck while traveling in the opposite direction and noticed in passing the truck that the decedent had apparently fallen to his right side so that only his left shoulder was visible through the windshield. The eyewitness returned to the scene of the accident and removed the deceased from the truck. He heard the deceased gasp once before he removed him from the cab and again when he stretched him out on the ground, but could detect no further evidence of life. An ambulance was called and the deceased was pronounced dead upon arrival at a hospital. The employer was immediately notified of the accident.
Embalming was delayed and not completed until Wednesday afternoon, the day following the accident. On Thursday at about 3 p. m., after the deceased was completely embalmed and dressed for the funeral, the Respondent insurance carrier requested an autopsy. The request was refused by the widow and members of the family.
Claim for compensation was filed and shortly thereafter Respondents filed a Motion for Autopsy. At the hearing held thereon Petitioners again objected to the autopsy. The Motion was neither granted nor denied at that time. After a hearing, the Judge of Industrial Claims entered his Order denying the claim. No autopsy was ever performed upon the deceased.
Petitioners argued before the Judge of Industrial Claims that it was impossible to produce an expert medical witness as to the cause of death because of the absence of an autopsy. They asserted that the deceased became ill as a result of carbon monoxide fumes from a defective muffler on the truck, and that the deceased was overcome to such an extent by the carbon monoxide that he lost control of the truck and suffered an accident which killed him. Respondents countered with thé argument that the claim was foreclosed because, of Petitioners’ failure to consent to an autopsy and that the death did not arise out of and in the course and scope of the employee’s employment. Respondents confined their argument concerning cause of death to proving that the accident could not have been caused by the effect of noxious exhaust fumes upon the decedent.
Upon conflicting evidence, the Judge of Industrial Claims found that the truck’s muffler was not defective at the time of the accident. He made no finding upon conflicting evidence as to the existence of a hole or holes in the floorboard of the cab through which carbon monoxide fumes could enter. He concluded “it was physically impossible for carbon monoxide or other noxious fumes to escape from the muffler located behind the cab and then, while the truck was traveling forward at approximately fifty miles per hour, go forward and enter into the cab and especially in such quantities as to have an adverse effect upon the driver of the truck.”
*279 The Judge of Industrial Claims made no finding as to what did cause decedent’s death. He denied the claim because Petitioners had failed to establish a causal connection between decedent’s death and his employment. The Full Commission affirmed, Commissioner Walter L. I.ight-sey dissenting.
Petitioners would group this case with those in which we have held that if a serious injury is conclusively shown and a logical cause for it is proven, the burden of proof is on the employer and carrier to show that another cause of injury is more logical and consonant with reason.[1] We cannot agree that this principle governs our disposition of this case.
The Judge concluded that decedent’s accident could not have been precipitated by the effect of noxious fumes. We are bound to accept those findings of the Judge of Industrial Claims. Such findings are supported by competent and substantial evidence in the record and his conclusion drawn therefrom is reasonable. The Judge’s dismissal of Petitioners’ initial theory as factually impossible must stand.
The burden shifts to the employer-carrier to establish a cause more logical and consonant with reason than that established by a claimant only when a claimant has first established a logical cause.[2] This essential element is lacking in this case. The Judge was apparently unable to ascertain from, .the evidence available any single logical cause for decedent’s death, for he made no finding thereon. If all possible precipitating causes of death in this instance were necessarily employment-connected, Petitioners would not be required to establish a single logical cause. Any one or a combination of the possible causes would be employment-connected and the death resulting therefrom would be compensable. However, as in the instant case where there are numerous possible causes, some of which may be employment-connected and others of which may be unrelated to employment, a claimant must establish that the injury or death is caused by a single logical employment-connected cause, or by any one of several logical causes or a combination thereof, all of which must necessarily be connected with the employment of deceased.
It is entirely possible that the decedent here may have sustained a stroke, a heart attack or merely a fainting spell. The impact of the wreck itself could have been sufficient to cause death. It is also possible that some of these causes could have been entirely unrelated to decedent’s employment. The record is devoid of evidence that points with any degree of certainty to one cause of death over another. This situation is quite different from the circumstances in Lyng v. Rao[3] and Johnson v. Dicks.[4] In both of those cases all circumstances pointed to a single logical explanation of the employee’s injury or death that was connected with the injured or deceased’s employment.
We agree with the conclusion of the Judge and Full Commission that Petitioners here have failed to establish with competent substantial evidence a logical cause of decedent’s death. Having so decided, it is axiomatic that Respondents had no burden to demonstrate a cause of death unrelated to decedent’s employment more logical and consonant with reason.
Respondents also contend that Petitioners’ claim was foreclosed because Petitioners did not consent to an autopsy upon the initial request of the carrier. Having *280 affirmed the finding of the Judge of Industrial Claims that Claimants failed to establish a causal connection between the deceased employee’s death and his employment, it becomes unnecessary to consider the effect of Petitioners’ refusal of Respondents’ request for an autopsy.
The Order of the Florida Industrial Commission approving the Judge of Industrial Claims is hereby affirmed.
Certiorari denied.
ROBERTS, CARLTON and ADKINS, JJ., concur.
ERVIN, C. J., BOYD, J., and SPEC-TOR,. District Court Judge, dissent.

. Olsen v. Winter Park Racquet Club, 142 So.2d 5 (Fla.1962); Ortkiese v. Clarson & Ewell Engineering, 126 So.2d 556 (Fla.1961) ; Lyng v. Rao, 72 So.2d 53 (Fla.1954) ; and Crawford v. Benrus Market, 40 So.2d 889 (Fla.1949).

. Johnson v. Dicks, 76 So.2d 657 (Fla. 1954).

. 72 So.2d 53 (Fla.1954).

. 76 So.2d 657 (Fla.1954).