396 So.2d 161 (1981)
Gary HACKER, Petitioner,
v.
ST. PETERSBURG KENNEL CLUB et al., Respondents.
No. 56939.
Supreme Court of Florida.
March 12, 1981.
Ted L. Wells, Tampa, for petitioner.
John W. Cash, Tampa, for respondents.
ADKINS, Justice.
This case comes before the Court on petition for certiorari review of orders of the Industrial Relations Commission (IRC) and of the Judge of Industrial Claims (JIC) denying the petitioner's claim for workmen's compensation. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
Gary Hacker, petitioner, was in the course of his employment as a gateman for *162 the St. Petersburg Kennel Club on April 12, 1978, when he fell, hitting his head on a terrazzo floor. He sustained a concussion and other head injuries requiring hospitalization. It was speculated that club patrons had tracked in water from outside and that Hacker slipped on the wet floor. However, no evidence whatsoever has been uncovered as to how the injury occurred. Admittedly, Hacker is unable to recall what happened from about an hour and a half before the fall until he awoke in the hospital.
A workmen's compensation claim was filed seeking temporary total benefits, all necessary medical costs, permanent total or partial benefits and attorneys' fees. The employer and the carrier filed a notice to controvert on May 22, 1978, contending that Hacker's fall and injury did not arise out of and was not in the course of his employment.
On October 18, 1978, the JIC denied the claim, holding that the fall was totally idiopathic and not causally related to Hacker's employment. On April 27, 1979, the IRC affirmed the order of the JIC. This petition followed.
The issue for resolution by this Court is:
Whether the JIC erred in denying the claim, ruling that the claimant's fall was totally idiopathic, and failing to apply Section 440.26, Florida Statutes (1977)?
In order for an employee to recover for an injury suffered on the job, Florida's workmen's compensation law requires that three separate elements be present. The employee must have 1) met with an accident, 2) which occurred in the course of his employment, and also 3) which arose out of his employment. § 440.26, Fla. Stat. (1977); see also Southern Bell Telephone & Telegraph Co. v. McCook, 355 So.2d 1166, 1167-68 (Fla. 1978).
There is no problem with the first two elements in the instant case. Clearly, petitioner was the victim of an accident which took place while he was acting in his capacity as a gateman at the kennel club. However, with regard to the third element necessary to petitioner's claim the JIC found "[t]hat the claimant's fall was totally idiopathic, without cause or relationship to his employment." Hacker v. St. Petersburg Kennel Club, et al., claim no. XXX-XX-XXXX (Judge of Industrial Claims 11-2-78). With regard to that finding, we hold that both the JIC and IRC were in error.
Under different circumstances the vitality of Hacker's claim would be easy to determine. Had it been clear that the injury resulted from a slip on wet terrazzo, his claim would be compensable. On the other hand, had the evidence shown that he was injured when hitting the floor after a fainting spell due solely to a physical condition unrelated to his job, the claim would be denied. However, in this instance the record is devoid of evidence explaining how Hacker's injury occurred. Recognizing that not all on-the-job injuries occur under ideal evidentiary conditions, the legislature had the foresight to provide a presumption resolving doubtful cases in favor of the claimant. On a larger scale, this presumption is one facet of a general policy in the workmen's compensation area that, in marginal cases, a result favoring the claimant is preferred. See Sanford v. A.P. Clark Motors, 45 So.2d 185, 188 (Fla. 1950). The presumption itself provides:
In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed, in the absence of substantial evidence to the contrary:
(1) That the claim comes within the provisions of this chapter.
§ 440.26, Fla. Stat. (1977). The impact of this presumption in the case sub judice seems unambiguous.
Operating under the presumption of section 440.26 in this case, the burden is shifted to the respondents to present substantial evidence that Hacker's claim does not come under the workmen's compensation statute. Stated more precisely, the burden is upon the respondents to present substantial evidence that Hacker's injury did not arise from his employment, but from some other source. Presentation of such evidence would clearly necessitate denial of the *163 claim. However, as illustrated by the total lack of evidence on the record suggesting that the accident had an idiopathic cause, respondents have not met this burden.
We are not unmindful of decisions of this Court holding that claimant must prove a causal connection between employment and injury, and that this connection may not be drawn by presumption. Everhard Masonry, Inc. v. Crowder, 139 So.2d 393 (Fla. 1962); Arkin Construction Co. v. Simpkins, 99 So.2d 557 (Fla. 1967). We affirm this rule insofar as it applied in those cases, where various and conflicting evidence of the cause of injury existed. However, we hold that this rule does not apply where, as in the instant case, the injury clearly occurs on the job and evidence of cause is non-existent. To decide otherwise would too often force an inequitable result.
Precisely stated, our holding here is a narrow one. We hold that where an accident occurs while an employee is at his place of employment during working hours under circumstances such that no evidence of cause is available, the burden shifts to the employer to show idiopathic cause if the claim for compensation is to be denied. Respondents failed to meet that burden. The statutory presumption of section 440.26, Florida Statutes (1977) and legislative attitudes favoring workmen's compensation claimants requires such a result.
Accordingly, the orders of the JIC and IRC are reversed, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and BOYD, ENGLAND and McDONALD, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.