MILLS, Judge.
In this worker’s compensation appeal, we reverse the deputy commissioner’s order finding the claimant’s condition noncom-pensable.
The claimant, a 63-year-old woman, worked as a laborer for Cypress Creek Nursery. Her main duties were pulling weeds and potting flowers. On 10 June 1985, she was at work when she fell several times. The employer/carrier (e/c) denied compensability, and a hearing limited to that issue followed. Then came the order now appealed.
The deputy found the claimant “did not suffer an accident arising out of her employment with Cypress Creek Nursery, but that claimant’s condition predated her employment and that her current symptoms and conditions are unrelated to it.” He therefore denied the claim. He accepted the testimony of a coworker, Minnie Grace, that Eagle’s knee began buckling or giving way, causing her to fall to the ground a number of times. Grace testified that the falls were not caused by a slip or trip. She also testified that the claimant had problems with her knee before the falls in question. She was not sure, but she believed the prior problems had been with the claimant’s right knee. The deputy rejected the claimant’s testimony that she fell twice on the date in question; first, when a weed she was pulling suddenly came loose; second, when she tripped over some vines.
There was also medical testimony. Dr. Bradford testified that he first saw the claimant for high blood pressure and diabetes in 1982. In 1983, he treated her for osteoarthritis in the left knee. He testified that the claimant did not complain of problems with her right knee until after the fall of 10 June 1985. Dr. Bradford hospitalized the claimant on 19 June 1985 for a swollen and feverish right knee.
Dr. Bradford referred the claimant to Dr. Johnson, an orthopedist, who testified that he first examined the claimant on 25 June 1985. He diagnosed “right knee strain, right knee sprain, contusion to the right knee” superimposed on “extremely severe degenerative arthritis of the right knee joint certainly aggravated by the fall.” When given a hypothetical based on the claimant’s version of the accident, Dr. Johnson causally related the accident to the claimant’s condition. Dr. Johnson performed a right knee replacement on the claimant on 9 October 1985. He also testified that the claimant had severe osteoarthritis in both knees which preexisted the 10 June 1985 incident.
The deputy was, of course, free to accept Grace’s version of the accident and reject the claimant’s. But accepting Grace’s testimony as true, the fact remains that the *908 claimant fell and was injured while working as a nursery laborer. We therefore hold, as in Grimes v. Leon County School Board, 518 So.2d 327 (Pla. 1st DCA 1987), that the claimant is entitled to compensation because her ability to control her activities and positional changes was not as great at work as it would have been at home. See also Cheney v. F.E.C. News Distribution Co., 382 So.2d 1291 (Fla. 1st DCA 1980). While application of the increased-hazard doctrine to idiopathic fall cases is, in our view, less desirable than application of the actual-risk theory espoused in Grimes, we feel constrained to apply it, albeit expansively, unless and until our Supreme Court directs otherwise.[1]
Our decision is not to be interpreted as requiring the e/c to bear all costs associated with the claimant’s knee problems. As the court noted in Grimes, the e/c’s liability remains subject, in the proper case, to the rights of apportionment and reimbursement from the Special Disability Trust Fund. 518 So.2d at 335. The e/c should have the opportunity to prove such entitlement in future proceedings below.
Because we reverse the deputy’s finding that the injury did not arise out of the claimant’s employment, the deputy’s denial of all benefits claimed is also reversed with directions that the question of the claimant’s entitlement to specific benefits be considered.
REVERSED and REMANDED.
SHIVERS and WIGGINTON, JJ., concur.

. In Grimes, the court certified the following question as one of great public importance:
In applying the pertinent provisions of chapter 440, are accidents suffered by employees in falls which are attributable to idiopathic causes personal to the employee and result in injuries from collision with the floor, equipment or other conditions of the workplace, permissibly treated as arising out of the employment irrespective of any increased risk or hazard attributable to the work place?