OVERTON, Justice.
This is a petition to review Eagle v. Cypress Creek Nursery, 527 So.2d 906 (Fla. 1st DCA 1988), in which the First District Court of Appeal, relying on its decision in Grimes v. Leon County School Board, 518 So.2d 327 (Fla. 1st DCA 1987), found that Florence Eagle suffered an injury while at work that was not solely caused by an idiopathic condition. We find conflict with our recent holding in Leon County School Board v. Grimes, 548 So.2d 205 (Fla. 1989), in which we quashed the First District’s decision. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash the First District’s decision in the instant case.
The facts reveal that Florence Eagle was employed by Cypress Creek Nursery and was injured after numerous falls at work. The deputy-commissioner denied recovery, stating that Eagle “did not suffer an accident arising out of her employment with Cypress Creek Nursery, but that [her] condition predated her employment and that her current symptoms and conditions are unrelated to it.” On appeal, the First District stated that the deputy commissioner
accepted the testimony of a coworker, Minnie Grace, that Eagle’s knee began buckling or giving way, causing her to fall to the ground a number of times. Grace testified that the falls were not caused by a slip or trip. She also testified that the claimant had problems with her knee before the falls in question. She was not sure, but she believed the prior problems had been with the claimant’s right knee. The deputy rejected the claimant’s testimony that she fell twice on the date in question; first, when a weed she was pulling suddenly came loose; second, when she tripped over some vines.
Eagle, 527 So.2d at 907. In reversing the deputy commissioner’s findings, the district court concluded:
But accepting Grace’s testimony as true, the fact remains that the claimant fell and was injured while working as a nursery laborer. We therefore hold, as in Grimes v. Leon County School Board, 518 So.2d 327 (Fla. 1st DCA 1987), that the claimant is entitled to compensation because her ability to control her activities and positional changes was not as great at work as it would have been at home.
Id. at 907-08 (citation omitted).
The instant case presents the same question as did Grimes, in which we held: “ ‘It *137 is well settled that injuries which arise out of risks or conditions personal to the claimant do not arise out of the employment unless the employment contributes to the risk or aggravates the injury.’ ” Grimes, 518 So.2d at 330 (quoting Foxworth v. Florida Indus. Comm’n, 86 So.2d 147, 151 (Fla.1955)). Accepting the factual findings of the deputy commissioner as true, as did the district court, we hold that the deputy commissioner correctly applied the law in this case.
Accordingly, we quash the decision of the First District Court of Appeal and remand with directions to affirm the findings of the deputy commissioner.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., dissent.