550 So.2d 122 (1989)
Wayne DEAHL, Appellant,
v.
UNI-PAK CORPORATION and Northbrook Property & Casualty Company, Appellees.
No. BS-469.
District Court of Appeal of Florida, First District.
October 3, 1989.
Rehearing Denied November 13, 1989.
Michael M. O'Brien and James R. Hooper of O'Brien & Hooper, P.A., Orlando, for appellant.
Richard H. Weisberg and Thomas G. Portuallo of Cooper, Rissman, Weisberg, Barrett & Hurt, P.A., for appellees.
ZEHMER, Judge.
The claimant, Wayne Deahl, appeals a final order denying his claim for workers' compensation benefits. After careful review of the lengthy record in this case, we find no reversible error and affirm.
Mr. Deahl claims to have injured his head while working as a mechanic for his employer, Uni-Pak Corporation. He contended that while installing a machine, he rose suddenly, bumped his head on a piece of metal similar to angle iron, and immediately checked his head and felt blood on his *123 fingers. Over the next few days he became very ill, running extremely high temperatures. About five days after the accident, he was taken to the hospital and diagnosed as suffering from meningitis. He was admitted to intensive care and, during several weeks in the hospital, he underwent bilateral leg amputations, a double heart valve replacement, and removal of his gall bladder. Mr. Deahl contended that the accident in which he cut his head served as the portal of entry for staphylococci bacteria, and that the staphylococci infection resulted in a staph endocarditis and bacterial meningitis that in turn resulted in the amputations, heart valve replacements, brain impairment, and other medical complications. The employer and carrier defended the claim on the ground that no such injury was caused by the accident.
Although the deputy commissioner found that Mr. Deahl was involved in an industrial accident as claimed, he further found that claimant's scalp was not lacerated. This latter fact was based on the finding that claimant made no mention of any head trauma or laceration to any medical provider until after the claim for compensation benefits had been filed, and the finding that medical providers had examined claimant's head for bumps and abrasions and found none. The deputy commissioner specifically rejected the testimony of claimant and his wife to the contrary. The order also recites that claimant was given the benefit of all presumptions provided by section 440.26, and that the logical cause doctrine was applicable but that claimant had failed to prove a logical cause under that doctrine. Accordingly, the deputy commissioner explained that the burden of proving that the injury did not arise from claimant's employment was not shifted to the employer and carrier. Even if the burden had so shifted, the deputy commissioner explained, the employer and carrier had carried that burden because the evidence showed many possible sources of entry for the bacterial infection, and no medical expert could testify that a scalp cut was a more probable portal of entry for the infection than other sites on the body. Claimant appeals this order, urging three points for reversal.
First, claimant argues that the deputy commissioner erred as a matter of law in failing to properly apply the logical cause doctrine and the statutory presumption in section 440.26, Florida Statutes (1985). We are unable to agree, however. The evidence of the nature and extent of claimant's injury was in dispute, and although the deputy commissioner found that claimant had suffered an industrial accident on the date alleged, the record contains competent, substantial evidence to support the deputy commissioner's further finding of lack of causation between that accident and the injuries claimed to have resulted therefrom. Contrary to the claimant's contention, there is no presumption, statutory or otherwise, that an injury for which compensation is claimed is presumed to be causally connected to his employment. Rather, the claimant must prove a causal connection between his employment and the injury by competent, substantial evidence. Gadsden County Board of Public Instruction v. Dickson, 191 So.2d 562, 565 (Fla. 1966). Although section 440.26(1) establishes a presumption that "the claim comes within the provisions of this chapter," this presumption is only applicable where an injury has indisputably occurred on the job and no evidence of causation is available. Hacker v. St. Petersburg Kennel Club, 396 So.2d 161 (Fla. 1981). If conflicting evidence of the cause of the injury does exist, claimant must prove a causal connection between the employment and the injury, and this connection may not be shown by application of the presumption. Hacker, 396 So.2d at 163. In the absence of proof of this causal relationship, the claim for benefits should be denied. See Snipes v. Gilman Paper Co., 224 So.2d 276, 279 (Fla. 1969); City of Tamarac v. Varellan, 463 So.2d 479 (Fla. 1st DCA 1985). See also Cypress Creek Nursery v. Eagle, 547 So.2d 136 (Fla. 1989); Leon County School Board v. Grimes, 548 So.2d 205 (Fla. 1989). The evidence in the record before us did not prove that claimant's head injury was the portal of injury of the infection. On the contrary, the evidence *124 established the existence of several possible sources of entry and that no one source was more probable than any other. The deputy did not err in his application of the logical cause doctrine or the presumption in section 440.26.
Next, claimant argues that the deputy commissioner erred as a matter of law in rejecting uncontroverted evidence and testimony presented by claimant and his wife that claimant did actually sustain a cut on his head as a result of the industrial accident. We are unable to agree, however, with appellant's characterization of the evidence regarding his head injury as being uncontroverted. The record contains testimony by Dr. Gebauer, the physician who examined claimant in the emergency room, that he examined claimant's head and found no cuts, bruises, or lesions on his scalp, and that had such been present he would have seen them.[1] Dr. Ruiz, the physician who examined claimant on the date of his admission to the hospital, testified that he carefully examined the claimant, palpated claimant's head, and found no masses or exostosis.[2] Ms. Jenks, the emergency room nurse, testified that she palpated claimant's head, examining for any kind of bumps or lumps, and that although her examination was thorough enough to reveal any abrasion on his skin, she found none.[3] Eddie Huffstutler, a coemployee of the claimant who witnessed claimant's accident, testified that he saw no blood or broken skin after claimant had bumped his head. It was the deputy commissioner's duty, upon the consideration of all the evidence as a whole, to determine whether claimant's industrial accident caused a cut or open wound on his head that served as the portal of entry of the staph infection. On this record, we are unable to find any abuse of discretion or error as a matter of law in the deputy commissioner's ruling that the accident did not cause an open wound to claimant's head.
Claimant's third point relates to his claim for a continuum of care program. In view of our disposition of the first two points, we find it unnecessary to reach this issue.
The appealed order denying benefits is AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Although Dr. Gebauer also testified that he could not recall how intensely he examined the claimant's head and that he possibly could have missed something, these statements did not deprive his testimony regarding the absence of any cuts of all probative value whatsoever. The deputy commissioner was entitled to give such weight to this testimony as he felt was warranted in light of all other evidence before him.
[2] Dr. Ruiz also testified that he did not examine the scalp in detail and was not looking for a possible source of the sepsis at that point. These statements go to the weight to be given his testimony; they did not deprive his negative testimony of all probative value whatsoever.
[3] Nurse Jenks further testified that if claimant had a minor abrasion on his head that was covered by his hair, she would not have necessarily picked that up. However, these statements do not deprive her previous testimony negating the presence of such abrasions of all probative value whatsoever.