ZEHMER, Judge.
Salvatore Fusco appeals a workers’ compensation order denying him benefits on the ground that his injuries were not com-pensable. Claimant asserts on appeal that the judge of compensation claims erred in ruling that the logical cause doctrine was inapplicable to his claim, and in rejecting evidence that he suffered a work-related accident that was the cause of his injuries. We reverse because the evidence is insufficient to support the judge’s order.
*528 The claim for benefits filed in this case alleged that on July 13, 1987, while working for his employer, P & S Construction Company, claimant was injured in an accident. Two carriers, The Hartford Insurance Company and The General Accident Insurance Company, filed notices controverting this claim, as there was a question as to whether one or both carriers provided coverage to P & S at the time of the alleged accident. Hartford alleged that there was no accident on July 13, 1987, and that claimant’s medical condition was caused by a pre-existing condition. General Accident alleged, inter alia, that there was a question as to which carrier should provide coverage. The parties stipulated prior to the merits hearing that the case would be tried on the issue of compensability, and that both carriers would equally share liability for any benefits due to claimant if the claim were found compensable. A merits hearing was held solely on the issue of compensability.
Claimant was the only witness who testified at the hearing. He stated that his employer was a concrete business and that at the time of the July 13,1987, accident he was leveling wet concrete with a two by four screed. He was bending over with the two by four and “felt something just go out of the ordinary in [his] back.” Claimant described the pain as “excruciating,” and stated that he grabbed his side, made some kind of noise, and then tried to get up. He told “the guys” that his back was killing him, and they took over while he sat in the truck. When he composed himself he called his wife and asked her'to make an appointment with his doctor, Dr. Purita, for the following day. He called his boss that evening to let him know what had happened.' Dr. Purita examined him the following day and he told the doctor that he had hurt himself the previous day at work. Dr. Purita admitted him to Boca Raton Community Hospital two days after the accident, and he remained in the hospital nineteen days. During that time Dr. Puri-ta operated on his back.
Claimant stated that he previously injured his back in 1985, and that the 1985 injury was covered by workers’ compensation. Dr. Purita treated him for those back problems and such treatment did not include surgery. In 1986 claimant felt like he was having an “aggravation” of the 1985 injury, so he underwent therapy (3 sessions) at the Boca Therapy Group. The workers’ compensation carrier refused to pay that claim without a letter from his doctor, and since his doctor was on vacation he paid the bill himself. The only back problems he was having during the first half of 1987 were a bit of stiffness and aggravation.
Dr. Purita testified by deposition that he is an orthopedic surgeon and first saw claimant on June 5, 1985. Claimant’s chief complaint at that time was lower back pain and the only history claimant gave him was that he had been having pain for two or three weeks. Dr. Purita diagnosed claimant in 1985 as having lumbosacral strain and possibly a bulging disc syndrome. On August 23, 1985, he released claimant to return to work and did not see claimant again until July 14, 1987, at which time claimant returned complaining of back pain. Dr. Purita’s notes of that visit contain the comment that, “The patient continues to complain of pain similar to what he has had in the past, although it has been approximately 2 years since I have seen him.” Dr. Purita diagnosed claimant as suffering from a herniated disc at the L4/5 level and could not say whether this was the same disc causing problems in 1985. On July 31, 1987, he performed a precuta-neous discetomy on claimant, and he released claimant to return to full-time work on September 30, 1987. Dr. Purita’s notes regarding the 1987 treatment did not reflect whether claimant gave him a history of having injured himself at work. Dr. Purita opined that claimant had sustained a permanent impairment of 5 to 10%, but that he was not able to determine which episode caused this impairment. The doctor did say that the activities claimant was performing on July 13, 1987, certainly could have caused the back injury and also noted that the symptoms claimant was exhibiting in 1987 were more severe than those exhibited in 1985.
*529 After considering the testimony and medical records, the judge entered an order finding that claimant “did not suffer an accident during the course and scope of his employment, on or about July 13, 1987, as claimed. Further, the Claimant’s injuries and physical problems are not the result of any alleged accident on or about July 13, 1987, but preceded that date.” The judge further stated in the order that claimant had not convinced him as to why Dr. Purita had nothing in his records about the alleged July 13, 1987, accident, and that the clear implication to him was that claimant was not injured on the job at or about that time. The judge found the logical cause doctrine inapplicable because claimant had not demonstrated to him any injury that may have occurred on or about July 13, 1987, and stated that, “additionally, I am not convinced of any causal relationship between any alleged accident and the Claimant’s injuries.” (emphasis added). The judge found that even if the logical cause doctrine were applicable, “the Carriers have met their burden of showing a more logical explanation for the Claimant’s injuries and physical complaints: That such complaints and injuries are a continuation of the physical problems and injuries that the Claimant had in 1985, 1986, and the first part of 1987.” The order concluded by denying benefits on the ground that the claim was not compensable.
When a claimant conclusively shows that an injury has occurred and demonstrates a logical cause for it, and the employer and carrier seek to defeat recovery, the employer and carrier have the burden of overcoming the established proof and showing that another cause for the injury is more logical and consonant with reason. Johnson v. Koffee Kettle Restaurant, 125 So.2d 297 (Fla.1960). Here, claimant conclusively showed that an injury occurred in that Dr. Purita testified that claimant was suffering from a herniated disc at the L4/5 level that required surgery. Claimant also demonstrated a logical cause for this injury. He testified that on July 13, 1987, he felt something “go out of the ordinary in [his] back” while he was bending over leveling concrete with a two by four. He stated that the pain was excruciating, that he had trouble standing up, and that he told his co-workers that his back was killing him and they took over while he sat down in his truck. When given this description of the accident in the form of a hypothetical question, Dr. Purita testified that the accident as described seemed to him “like the straw that broke the camel’s back.”
Claimant’s evidence satisfied the prerequisites that trigger application of the logical cause doctrine. The judge refused to apply the doctrine, however, upon finding claimant’s testimony not credible. The only reason given for rejecting claimant’s testimony was that Dr. Purita did not have a history of any traumatic event that precipitated claimant’s July 14, 1987, visit. We find the judge’s rejection of claimant’s testimony of the accident on this basis to be clearly arbitrary and unreasonable. The record shows that claimant visited Dr. Puri-ta for the first time in two years the day after the alleged accident and his condition was so severe that it required surgery and lengthy hospitalization. Dr. Purita testified that claimant’s description of the accident was consistent with his condition. Furthermore, claimant testified that he told co-workers and his supervisor on the day of the accident that he had injured his back while working. Employer did not call any of these witnesses to refute claimant’s testimony in this regard. An “employer’s failure to call and present testimony of persons within its control having knowledge of a fact at issue, i.e., whether claimant complained of an injury at work soon after the incident, justifies an inference adverse to that party.” (citations omitted). Jones v. Citrus Central, Inc., 537 So.2d 1123 (Fla. 1st DCA 1989). Because the record does not support the judge’s reason for rejecting claimant’s testimony, the judge erred in refusing to apply the logical cause doctrine.
The record also fails to support the judge’s finding that even if the logical cause doctrine were applicable,
the Carriers have met their burden of showing a more logical explanation for *530 the Claimant s injuries and physical complaints: That such complaints and injuries are a continuation of the physical problems and injuries that the Claimant had in 1985, 1986, and the first part of 1987.
The only testimony presented at the hearing was that of claimant and Dr. Purita. Claimant admitted that he had some aggravation of the 1985 injury in 1986 and that he had a bit of stiffness and aggravation in early 1987, but he stated that the pain he felt on July 13, 1987, and thereafter, was different and more severe than anything he had felt before. Dr. Purita also testified that the symptoms claimant was exhibiting in 1987 were more severe than those exhibited in 1985. Employer and the carriers did not present any evidence that claimant had been absent from work during the time leading up to July 13, 1987, that the circumstances at the accident scene on this date were not as claimant described, or that the condition from which claimant was suffering was not consistent with the accident he described. Thus, the record fails to support the finding that the carriers showed a more logical explanation for claimant’s injuries and physical complaints than claimant.
We therefore reverse the order denying compensability and remand for entry of an order finding claimant’s accident was com-pensable and determining the benefits due claimant.
REVERSED and REMANDED.
NIMMONS, J., concurs.
BOOTH, J., dissents.