ZEHMER, Judge.
Patricia Molnar, claimant, appeals a workers’ compensation order denying her claim for temporary total disability benefits and medical benefits on the ground that her medical condition is not causally related to a slip and fall accident she suffered while working. Claimant argues that the judge of compensation claims erred in denying her claim because she presented evidence establishing the industrial accident as the logical cause of the medical condition and that employer and carrier did not present evidence of a more logical cause. We affirm the denial of benefits because competent, substantial evidence supports the judge’s finding that it is more logical that claimant’s condition was caused by a viral infection than by the industrial accident.
The evidence is undisputed that claimant suffered a slip and partial fall on December 17, 1989, while she was working as a waitress for Bob Evans Restaurant. She experienced back pain following the accident, and employer authorized some medical care. During the days following the accident, claimant experienced numbness in her legs, and, according to her testimony, by December 22, 1989, she had no feeling in *743 either leg from the waist down. At that time, she was admitted to the hospital and came under the care of Dr. Warach, a neurologist. She remained in the hospital for 17 days, and afterwards underwent 6 weeks of physical therapy. Claimant testified that she has made substantial progress, but that she still has residual problems such as weakness in her legs and insufficient bladder and bowel control. Although claimant has been examined by other neurologists, Dr. Warach remained her treating physician at the time of the merits hearing.
On January 10, 1990, claimant filed a claim requesting temporary total disability and medical benefits. Employer and carrier controverted the claim on the ground that the claimed disability and medical expenses were not causally related to the industrial accident. At the merits hearing, claimant presented the testimony of Dr. Martinez, a neurologist who examined claimant on two occasions. Dr. Martinez testified that claimant is suffering from lumbosacral sprain and transient swelling of the spinal cord, and that this condition is the result of the industrial accident. He rejected Dr. Warach’s diagnosis of transverse myelitis, stating that there was no evidence in claimant’s spinal fluid analysis, sedimentation rate, temperature, or clinical history to indicate such a condition.
Employer and carrier presented the testimony of Dr. Warach that within a reasonable degree of medical certainty claimant is suffering from transverse myelitis, an inflammatory condition of the spinal cord that usually localizes to one level of the spine. He stated that the causes of transverse myelitis include viral infections and immunological responses to past viruses. Dr. Warach stated that claimant did not give him a history of having had a virus. However, when asked to assume that claimant was experiencing flu-like symptoms four or five days prior to the accident, Dr. Warach stated that such symptoms would be very consistent with his diagnosis. Dr. Warach rejected Dr. Martinez’s theory that claimant is suffering from lum-bosacral sprain and swelling of the spinal cord. He stated that he had performed many tests, including several myelograms and MRIs, and the results of those tests were inconsistent with any type of trauma to the spinal cord. Dr. Warach’s conclusion was that claimant suffered from transverse myelitis at the level of the first or second lumbar vertebra, and that the transverse myelitis was of an idiopathic or unknown etiology. However, in response to a hypothetical question that included facts showing claimant exhibited flu-like symptoms a few days before the industrial accident, Dr. Warach opined that a flu virus' was most likely the cause of the transverse myelitis.
Employer and carrier also presented the testimony of three people who worked with claimant at the time of the accident. William Owens, the manager of the restaurant, testified that claimant was scheduled to work on December 13, 1989, four days prior to the accident, but that she was absent that day. He stated that it is not his policy to record a reason for an employee’s absence and that he did not know why she was absent. Annetta Murphy, a waitress at the restaurant, testified that she worked with claimant on the day of the accident. She stated that claimant was suffering from flu-like symptoms that day, such as a headache, cough, stuffy nose, and sore throat. She stated that several of the employees were sick with the flu that week, and that claimant told her she was experiencing the same symptoms. Sandra Kushmer, another waitress at the restaurant, testified that several of the waitresses were out sick with the flu around December 17, 1989, and that she assumed claimant had the flu also because her eyes were watery.
The judge considered all of the evidence and found it more logical that claimant’s impairment, at all times subsequent to the first few weeks after the injury, was caused by transverse myelitis. He accepted Dr. Warach’s opinion over Dr. Martinez’s opinion. The judge concluded that employer and carrier had appropriately provided all benefits for the conditions/injuries resulting from the accident, and denied claimant’s claim for temporary total disabil *744 ity benefits and medical expenses resulting from the transverse myelitis.
Under the logical cause doctrine, when the claimant presents evidence establishing that a work-related accident was a logical cause of his injury, the burden shifts to the employer and carrier to present evidence establishing a more logical and reasonable cause of the injury or to show that the injury could not have logically and reasonably resulted from the work-related accident. Everhart Masonry, Inc. v. Crowder, 139 So.2d 393 (Fla.1962). If the employer and carrier meet this burden, the prima facie case presented by the claimant vanishes and the burden shifts to the claimant to meet or rebut the evidence offered by the employer and carrier. The question of whether the employer and carrier successfully met their burden and whether the claimant then rebutted that evidence devolves down to a determination of whether the record contains competent, substantial evidence, according with logic and reason, to support the finding of the judge of compensation claims as to the cause of the injury. 139 So.2d at 395.
Here, employer and carrier presented medical and lay testimony supporting their theory that claimant’s condition is not lumbosacral sprain and transient swelling of the spinal cord caused by the industrial accident, but is transverse myelitis caused by a viral infection. Because competent, substantial evidence supports the judge’s finding that claimant is suffering from transverse myelitis, we affirm the denial of benefits on causation grounds.
We decline to reverse on claimant’s argument that the order contains a misdesignation by the judge of claimant’s condition as an upper back, rather than lower back, condition. It is clear that the condition described by Dr. Warach was located in the upper region of the lumbar spine and that the use of the words “upper back” in the order is nothing more than a clerical error that should have been brought to the attention of the judge by motion for rehearing. Aircraft Services v. Reyes, 582 So.2d 66 (Fla. 1st DCA 1991).
AFFIRMED.
SMITH and ALLEN, JJ., concur.