ALLEN, Judge.
The claimant appeals a workers’ compensation order, arguing that the judge should have applied the logical cause doctrine. The claimant maintains that she presented a prima facie case so as to invoke the doctrine in accordance with Schafrath v. Marco Bay Resort, 608 So.2d 97 (Fla. 1st DCA 1992), and Johnson v. Koffee Kettle Restaurant, 125 So.2d 297 (Fla.1960). But while the broad language in Schafrath and Johnson addressed the burden of proof which generally pertains in workers’ compensation cases, the decisions do not compel application of the doctrine merely upon a prima facie evidentiary predicate. Rather, there must be sufficient proof which the judge accepts, as the doctrine does not relieve the claimant of the initial burden of demonstrating the requisite causal connection. Bray v. Electronic Door-Lift, 558 So.2d 43 (Fla. 1st DCA 1989); Deahl v. UniPak, 550 So.2d 122 (Fla. 1st DCA 1989). The judge is thus not bound to apply the doctrine when there are other possible causes of injury, or when the evidence is conflicting as to the occurrence of an accident. Foxworth v. Florida Indus. Comm’n, 86 So.2d 147 (Fla.1955); Deahl. Likewise, the doctrine does not apply when the judge rejects the claimant’s testimony as lacking in credibility, so as to conclude that a logical industrial cause has not been proved. Bahr v. Howard Johnson, 498 So.2d 518 (Fla. 1st DCA 1986); Barnett v. Lakeland Constr., 417 So.2d 834 (Fla. 1st DCA 1982).
In the present ease the claimant’s testimony might arguably permit application of the logical cause doctrine. But the claimant’s testimony was at times internally inconsistent, and was contradicted by medical records and the testimony of other witnesses. As indicated in Deahl, all of the evidence should be considered in determining whether a logical cause has been proved. Even if the claimant presented a prima facie case, the judge was entitled to rely on the contrary evidence and did not err in declining to apply the logical cause doctrine.
The appealed order is affirmed.
BOOTH and WEBSTER, JJ., concur.