THOMAS, J.,
concurring.
I concur in the panel opinion, but write to address a claimant’s appropriate burden of persuasion. (Generally, “burden of persuasion” is the better phrase to refer to the standard by which a party must convince the fact finder, as the phrase “burden of proof’ includes two burdens: (1) that of moving forward with evidence, and (2) the obligation to establish a requisite degree of belief concerning a fact in the mind of the trier of fact — the latter being the burden of persuasion.)
Claimant contends that the proper burden of persuasion in workers’ compensation proceedings is “competent, substantial evidence” and not the elevated “preponderance of the evidence” standard — meaning a claimant need not prove anything to the satisfaction of the JCC, but must only present a prima facie case on causation to prevail. This argument relies on indisputable authority, as the supreme court concluded 50 years ago in Johnson v. Koffee Kettle Restaurant, 125 So.2d 297, 299 (Fla.1961):
[Workers’] compensation is a complete departure from the civil and criminal code; the issues are different and require a different procedure to resolve them. As heretofore stated, in [workers’] compensation, it is essential that claimant prove or show a state of facts from which it may be reasonably inferred that deceased was engaged in his master’s business when the accident resulting in his injury took place. If the evidence to establish such a state of facts is competent and substantial and comports with reason or from which it may be reasonably inferred that de *1114 ceased was engaged in his master’s business when he was injured, it is sufficient.
(Emphasis supplied.)
This court, in Schafrath v. Marco Bay Resort Ltd,., 608 So.2d 97, 102 (Fla. 1st DCA 1992), relied on Johnson to reject the idea that 1990 legislative amendments to the workers’ compensation statute (which eliminated a statutory presumption that a claim by an employee was covered under chapter 440) altered a claimant’s burden of persuasion, and reaffirmed the claimant’s lesser burden of persuasion of competent, substantial evidence.
Schafrath, however, incorrectly rejected implicit legislative intent to establish a preponderance of the evidence burden of persuasion in workers’ compensation cases. Although the Legislature has not reacted specifically to abrogate either Johnson or Schafrath, this court has clarified those holdings in more recent decisions to, in essence, apply the preponderance standard. See, e.g., Alston v. Etcetera Janitorial Servs., 634 So.2d 1138, 1134 (Fla. 1st DCA 1994) (holding that “while the broad language in Schaf-rath and Johnson addressed the burden of proof ..., the decisions do not compel application of the doctrine merely upon a prima facie evidentiary predicate”). Although I may agree with the actual holding of Alston that the claimant did not demonstrate entitlement to relief on appeal, the rationale there fails, because the “broad language” in Schafrath and Johnson does in fact hold that where a claimant comes forward with evidence that could support a finding in a claimant’s favor, the JCC could not require more evidence sufficient to disprove an equally likely “logical cause.” This is especially clear in Schafrath.
Notwithstanding this court’s decision in Schafrath, it is inescapable that the legislature, by eliminating the presumptions in favor of claimants in effect prior to 1990, and requiring that a claimant prove his or her case “on the merits,” intended to require claimants to prove entitlement to relief by a preponderance of the evidence, or a greater weight of the evidence, a standard which represents the lowest burden of persuasion in the law. See Allstate Ins. Co. v. Vanater, 297 So.2d 293, 295 (Fla.1974) (describing three basic standards of proof); see also Black’s Law Dictionary 196-97 (6th ed. 1990) (defining burden of proof, and stating “burden of establishing” a fact means burden of persuading the trier of fact that existence of the fact is more probable than its nonexistence); State v. Edwards, 536 So.2d 288, 292-93 (Fla. 1st DCA 1988) (explaining that substantial evidence standard is used for preliminary rulings on admissibility of evidence, not for adjudication of ultimate facts); Fla. Std. Jury Instr. (Civ.) 401.3 (“Greater weight of the evidence” means more persuasive and convincing force and effect of entire evidence in case.); Fla. Std. Jury Instr. (Civ.) 601.1 (explaining jury may use reason and common sense to make factual findings and may draw reasonable inferences from the evidence in determining facts); § 90.301(3), Fla. Stat. (explaining nothing in Florida Evidence Code prevents drawing of appropriate inference).
It should be axiomatic that competent, substantial evidence is a standard of appellate review relating to the legal sufficiency of evidence, and not a standard of proof by which a claimant must persuade the finder of fact.* Conceptually, “competent, sub *1115 stantial evidence” is not a burden of persuasion at all, as such would eviscerate the essential role of the JCC as the finder of fact. In other words, if a JCC is required to find facts on less than 50% plus one iota of evidence, this means that superior proof must be rejected.
The majority correctly concludes that discussion of the proper standard of proof in workers’ compensation cases is unnecessary to the disposition of the issue presented here, as the JCC incorrectly concluded that Claimant failed to introduce competent or substantial evidence establishing an occupational causation of death, preventing the award of benefits as a matter of law. The best course, however, would be for this court to explicitly hold that Schafrath was in error, and conclude that a claimant’s burden of persuasion is by the greater weight of the evidence, in light of the 1990 legislation eliminating any presumption in favor of claimants or employers and requiring that “worker’s compensation cases shall be decided on their merits.” § 440.015, Fla. Stat. (Supp.1990).

 See Pic N’ Save Cent. Fla., Inc. v. Dep't of Bus. Reg., Div. of Alcoholic Beverages & Tobacco, 601 So.2d 245, 249-50 (Fla. 1st DCA 1992); Fla. Dep't of Health & Rehabilitative Servs. v. Career Serv. Comm’n of Dep’t of Admin., 289 So.2d 412, 415 n. 2 (Fla. 4th DCA 1974); see also Douglas N. Higgins, Inc. v. Fla. Keys Aqueduct Auth., 565 F.Supp. 126, 129-30 (S.D.Fla.1983) (recognizing distinction be *1115 tween preponderance of the evidence standard of proof applicable in an administrative hearing and competent, substantial evidence standard of review).